MADDOX AND COFFMAN *v.* STATE.

4-9851                                    249 S. W. 2d 972

Opinion delivered June 16, 1952.

*Donald Poe* and *Lookadoo & Lookadoo,* for appellant.

*Julian Glover, J. R. Long* and *John H. Freeman,* for appellee.

GEORGE ROSE SMITH, J. This is a *quo warranto* proceeding filed by the prosecuting attorney for the purpose of ousting Ode Maddox and Winfred Coffman from their positions as members of the Montgomery County Board of Education. It was stipulated that Maddox is the superintendent of, and a teacher in, Oden School District No. 43, and that Coffman is a teacher in Caddo Gap School District No. 50. Upon an agreed statement of facts the circuit court held that Maddox and Coffman are ineligible to be members of the County Board of Education, and the court accordingly removed them from office.

The law provides that members of the County Board shall be qualified electors "who do not hold any salaried or fee office of the State or any political subdivision thereof." Ark. Stats. 1947, § 80-201. It is conceded that Maddox and Coffman are paid salaries by their respective school districts, but they contend that they are public employees rather than public officers.

We lay aside the suggestion made in the complaint that it is against public policy for a person to serve at the same time as a teacher and as a member of the county board. In a matter of this kind it is for the legislature to declare the State's policy, and that body has determined that those who hold an "office" shall be excluded from the county board. Inasmuch as the quoted term is one of well known legal signification, we must assume that the General Assembly used the word in that sense. *Fernwood Mining Co.* v. *Pluna,* 138 Ark. 459, 213 S. W. 397.

Since the distinction between a public officer and a public employee tends to become indistinct when the position in dispute has some of the characteristics of each, we have never attempted to frame an inflexible definition of either. Yet the governing principles are well established. A public officer ordinarily exercises some part of the State's sovereign power. His tenure of office, his compensation, and his duties are usually fixed by law. The taking of an oath of office, the receipt of a formal commission, and the giving of a bond all

indicate that a public office is involved, although no single factor is ever conclusive. *Rhoden* v. *Johnston,* 121 Ark. 317, 181 S. W. 128; *Middleton* v. *Miller County,* 134 Ark. 514, 204 S. W. 421. On the other hand, mere public employment differs from a public office in that some or all of these characteristics are lacking.

It is clear that a school teacher, whose tenure, compensation, and duties are all fixed by his contract with the school board, is an employee rather than an officer. The position of superintendent comes somewhat closer to the dividing line, but we think that it too lies on the side of employment. Of course we are not speaking of a county superintendent of schools, nor of a superintendent in those more populous districts for which special legislation has been enacted. Ark. Stats., §§ 80-225 and 80-534. In the smaller districts the superintendent may be a teacher as well, as Maddox is admitted to be. § 80-202. His principal statutory duty is to serve as ex-officio financial secretary of the district. In that capacity he assists the board of directors in the preparation of the annual budget and countersigns all warrants, giving a bond for the faithful discharge of his duties and for the proper accounting for school monies. §§ 80-1304 and 80-1305. He is also authorized to issue certificates approving the employment of child labor. §§ 81-708 *et seq.*

Our study of the statutes convinces us that the superintendent of a small school district is not a public officer. In the performance of duties that are ministerial in character he acts under the direction of the school directors. His compensation is fixed not by law but by contract. The bond that he makes is similar to that exacted of a bank teller or other employee who handles his employer's funds. If the superintendent exercises any part of the sovereign power he does so as an agent of the school board and not as one to whom the legislature has delegated authority in the first instance.

At the trial no attempt was made to prove what duties are actually performed by Maddox as superintendent. It is unnecessary to remand the cause for a new trial, however, as we must assume that when the

legislature excluded from the county board those who hold a public office, it referred to an office that is shown to be such by the constitution and statutes.

Reversed and dismissed.