Dear Honorable Shaw,
The Attorney General has received your request for an official opinion asking, in effect:
 May an individual concurrently serve as a part-time municipal judge and as a District Attorney's victim-witness coordinator without violating the dual-office holding provisions of 51 O.S. 6 (1981)?
Your question concerns the applicability of 51 O.S. 6 (1981) to an individual serving concurrently as a part-time municipal judge and a District Attorney's victim-witness coordinator. 51 O.S. 6 provides that:
 "Except as may be otherwise provided, no person holding an office under the laws of the state and no deputy of any officer so holding any office, shall, during his term of office, hold any other office or be the deputy of any officer holding any office, under the laws of the state. Provided, that the provisions of this section shall not apply to notaries public, members of the State Textbook Committee, county free fair board members and municipal and county law enforcement officers serving in positions as law enforcement officers of both such governmental entities upon such terms and conditions as are mutually approved by resolutions adopted by the board of county commissioners and governing body of the municipality employing such officers, nor to any person, holding a municipal office or position, who is appointed to a board or commission that relates to municipal government and is created by the United States Government, the State of Oklahoma or a political subdivision of the state, except where the duties of the offices or positions conflict. Provided, that any salaries, emoluments or benefits that would otherwise be paid by the agency or political subdivision to a loaned employee or officer shall instead be paid to the regular employer of such employee who shall in turn be paid his regular salary and benefits the same as if he were continuing his regular employment with his permanent employer."
This office has consistently ruled that the language of this section constitutes an express prohibition on dual-office holding except as may otherwise be provided by law and applies equally to all public officers. See, A.G. Opin. Nos. 80-7 and 77-179. Previous Attorney General Opinions, as well, leave no doubt that a municipal judge is an officer within the purview of 51 O.S. 6 (1981). See, e.g., A.G. Opin. Nos. 80-7, 74-118, 70-228, 69-185.
On the other hand, the position of victim-witness coordinator is one filled by appointment by the respective district attorney pursuant to 19O.S. 215.32 (1984). This section provides in pertinent part that:
 "A. Effective January 1, 1983, each district attorney subject to provisions hereinafter set forth may appoint assistants, investigators and support staff . . . and in those districts with over sixty thousand (60,000) population, one victim-witness coordinator." (Emphasis added).
While not specifically referring to the victim-witness coordinator, 19O.S. 215.33 (1984) sets out the services rendered by district attorneys' offices to victims and witnesses:
 "The district attorney's office shall inform as far as practical that victims and witnesses of crimes have the following services subject to the discretion of the district attorney with the consent in writing of the presiding judge of the judicial district:
 "1. To be notified that a court proceeding to which they have been subpoenaed will not go on as scheduled, in order to save the person an unnecessary trip to court;
 "2. To receive protection from harm and threats of harm arising out of their cooperation with law enforcement and prosecution efforts, and to be provided with information as to the level of protection available;
 "3. To be informed of financial assistance and other social services available as a result of being a witness or a victim of a crime, including information on how to apply for the assistance and services;
 "4. To be informed of the procedure to be followed in order to apply for and receive any witness fee to which they are entitled;
 "5. To be provided, whenever possible, a secure waiting area during court proceedings that does not require them to be in close proximity to defendants and families and friends of defendants;
 "6. To have any stolen or other personal property expeditiously returned by law enforcement agencies when no longer needed as evidence.
 If feasible, all such property, except weapons, currency, contraband, property subject to evidentiary analysis and property the ownership of which is disputed, shall be returned to the person;
 "7. To be provided with appropriate employer intercession services to ensure that employers of victims and witnesses will cooperate with the criminal justice process in order to minimize an employee's loss of pay and other benefits resulting from court appearances; and
 "8. To have the family members of all homicide victims afforded all of the services under this section, whether or not they are witnesses in any criminal proceedings."
It is reasonable to conclude that the Legislature intended that these services will normally be provided by the victim-witness coordinator in those districts where one has been appointed. Cf., Oklahoma City NewsBroadcasters Assoc., Inc. v. Nigh, 683 P.2d 72 (Okla. 1984). However, neither the Attorney General nor any Oklahoma Court has ruled on the status of the victim-witness coordinator with respect to the provisions of 51 O.S. 6 (1981). We are required then to analyze this position with respect to the elements of a public office.
In Okla. City v. Century Indemnity Company, 62 P.2d 94,97 (Okla. 1936), the Court set forth the chief elements of a public office. The Court stated:
 "(a) The specific position must be created or authorized by law; (b) there must be certain definite duties imposed by law on the incumbent; and (c) they must involve the exercise of some portion of the sovereign power, `a position which has these three elements is presumably an "office,"' while one which lacks any of them is a mere "employment" "(Citation omitted.)"
We note initially in our analysis that the third element of the CenturyIndemnity case, that the duties "involve the exercise of some portion of the sovereign power," is not present in the position of district attorney's victim-witness coordinator. This being the case, we will confine our discussion to this element and not comment on the initial two elements.
In discussing the term "public officer'' in the context of sovereign functions, the Court in Guthrie Daily Leader v. Cameron, 41 P.635,636 (Okla. 1895), stated:
 "The most important characteristic which distinguishes an office from an employment or contract is that the creation and conferring of an office involves a delegation to the individual of some of the sovereign functions of government, to be exercised by him for the benefit of the public; that some portion of the sovereignty of the country, either legislative, executive, or judicial, attaches for the time being, to be exercised for the public benefit. Unless the powers conferred are of this nature, the individual is not a public officer. . . ."
In A.G. Opin. No. 79-41, citing Maddox v. State, 249 S.W.2d 972, 973
(Ark. 1952), the term "office" is distinguished from mere "employment":
 "Since the distinction between a public officer and a public employee tends to become indistinct when the position in dispute has some of the characteristics of each, we have never attempted to frame an inflexible definition of either. Yet the governing principles are well established. A public officer ordinarily exercises some part of the State's sovereign power. His tenure of office, his compensation, and his duties are usually fixed by law. The taking of an oath of office, the receipt of a formal commission, and the giving of a bond all indicate that a public office is involved, although no single factor is ever conclusive . . . On the other hand, mere public employment differs from a public office in that some or all of these characteristics are lacking."
See also, A.G. Opin. No. 80-100.
19 O.S. 215.33, while imposing duties on the District Attorney's office, as noted above, does not explicitly confer such on the victim-witness coordinator. Nor are the tenure of office and compensation fixed by law. Accordingly, we conclude that the position of victim-witness coordinator does not involve the exercise of the sovereign power. Thus, as not all of the elements of the Century Indemnity case are present, we conclude that the victim-witness coordinator is not a public officer for purposes of the dual office-holding prohibition.
However, we note that municipal judges, under certain circumstances, are subject to the conflict of interest provisions of the Code of Judicial Conduct (hereinafter "Code"). 5 O.S. 1981, ch. 1, app. 4.
Canon 5 of the Code states in pertinent part:
 "A Judge Should Regulate his Extra-Judicial Activities to Minimize the Risk of Conflict with his Judicial Duties
* * *
"C. Financial Activities
 "(1) A judge should refrain from financial and business dealings that tend to reflect adversely on his impartiality, interfere with the proper performance of his judicial duties, exploit his judicial position, or involve him in frequent transactions with lawyers or persons likely to come before the court on which he serves.
 "(2) Subject to the requirements of subsection (1), a judge may hold and manage investments, including real estate, and engage in other remunerative activity, but should not participate in, nor permit his title or office to be used in connection with, any business venture or commercial advertising program with or without compensation, in such a way as would justify a reasonable inference that the power or prestige of his office is being utilized to promote a business or commercial product or enterprise. A judge should not serve as an officer, director, manager, advisor, agent or employee of a bank, savings and loan association, public utility or insurance company."
Canon 6 of the Code permits extrajudicial compensation if the source of such payments received does not give the appearance of influencing the judge in his judicial duties or give the appearance of impropriety. Per paragraph C of this Canon, judges are required to report extrajudicial compensation to the Supreme Court of Oklahoma. However, with respect to municipal judges, Canon 7 of the Code also contains some exceptions to the standards cited above:
"Compliance with the Code of Judicial Conduct
"A. Part-time Judge
 "A part-time judge is a Municipal Judge who serves on a continuing or periodic basis, but is permitted by law to devote time to some other profession or occupation and whose compensation for that reason is less than that of a full-time judge. A part-time Municipal Judge:
 "(1) is not required to comply with Canon 5D, E, F, and G, the last sentence in Canon 5C (2) and Canon 6C.
 "(2) should not practice law in the court on which he serves, or act as a lawyer in a proceeding in which he has served as a judge or in any other proceeding related thereto."
While a municipal judge is permitted by paragraph A above to engage in extra judicial activities and therein may receive compensation, the extent of this activity is not without some limitation. The exceptions above do not authorize a municipal judge to engage in dealings that tend to reflect adversely on his or her impartiality, that interfere with the proper performance of judicial duties, that exploit the judicial position, or that involve frequent transactions with lawyers likely to come before the court on which he or she serves. Moreover, a municipal judge should not receive compensation if the source of such gives the appearance of influencing the judge or gives the appearance of impropriety. 5 O.S. 1981, ch. 1, app. 4, Canon 6.
In all cases, however, whether a part-time municipal judge's activities as a district attorney's victim-witness coordinator conflict with, or tend to reflect adversely on, his or her judicial duties contrary to the Code of Judicial Conduct is a question of fact and, therefore, not the subject of this Opinion.
It is, therefore, the official opinion of the Attorney General that anindividual may concurrently serve as a part-time municipal judge and avictim-witness coordinator without violating the dual-office provisionsof 51 O.S. 6 (1981). However, whether a part-time municipal judge'sactivities as a district attorney's victim-witness coordinator conflictwith, or tend to reflect adversely on, his or her judicial dutiescontrary to the Code of Judicial Conduct is a question of fact and notthe subject of this Opinion.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
F. ANDREW FUGITT, ASSISTANT ATTORNEY GENERAL