The Honorable Jack Gibson State Senator P.O. Box 630 Dermott, AR 71638
Dear Senator Gibson:
This is in response to your request for an opinion on the following question:
 Can a former mayor of a city of the first class, within one year after the end of his term as mayor, serve as hospital administrator (manager) of a city hospital?
It is my opinion that the answer to this question is "yes".
The issue involves construction of A.C.A. § 14-42-107(a)(1) which states:
 No alderman or member of any council of a municipal corporation shall, during the term for which he shall have been elected or one (1) year thereafter, be appointed to any municipal office which was created or the emoluments of which shall have been increased during the time for which he shall been elected.
The answer to your question is clearly resolved by the fact that the position of hospital administrator (manager) does not constitute a "municipal office". Under A.C.A. § 14-264-104, the commissioners of a municipal hospital in a city of the first class:
 . . . shall have the right to employ or remove managers and all other employees of whatsoever nature, kind, or character and to fix, regulate, and pay their salaries, wages, or other compensation since it is the intention of this chapter to vest in the commissioners the authority to operate, manage, maintain, and control the municipal hospital and to have full and complete charge of it. . . .
A.C.A. § 14-264-104(b).
It thus seems clear that the position of manager is not created as a municipal office. This fact is reflected in the above section, as well as by the absence of a fixed tenure of office, defined duties, bond requirement, required oath of office, or exercise of any sovereign power by the hospital administrator (manager). See generally Maddox v. State, 220 Ark. 762,249 S.W.2d 972 (1952).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb