The Honorable John Pagan State Senator 6907 Lucerne Drive Little Rock, AR 72205
Dear Senator Pagan:
This is in response to your request for an opinion on the following question:
 Does the Arkansas Constitution prohibit a person from serving concurrently as a state senator and as a professor of law at the University of Arkansas at Little Rock?
It is my opinion that the answer to this question is, in all likelihood, "no." Although the Arkansas Supreme Court has not addressed this precise question, cases construing the relevant Arkansas constitutional provisions suggest this conclusion. Article 5, Section 10 of our constitution states that "[n]o Senator or Representative shall, during the term for which he shall have been elected, be appointed or elected to any civil office under this State." It must therefore be determined whether the professor of law position constitutes a "civil office." A review of the governing principles in this area suggests that it does not. The Arkansas Supreme Court has consistently expressed its commitment to the view that a civil office is created by law, with the tenure, compensation, and duties of the incumbent also usually fixed by law. See, e.g. Haynes v. Riales,226 Ark. 370, 290 S.W.2d 7 (1956); Maddox and Coffman v. State,220 Ark. 762, 249 S.W.2d 972 (1952); Martindale v. Honey, 259 Ark. 416,533 S.W.2d 198 (1976). A public officer ordinarily exercises some part of the state's sovereign power. Maddox, 220 Ark. at 763;Martindale, 259 Ark. at 419. While the court has refrained from framing a precise definition (see Martindale, 259 Ark. at 418), the typical factors signifying a public office include the taking of an oath of office, the receipt of a formal commission, and the giving of a bond. Id. The duties of an officer are usually continuing in nature and are defined by rules prescribed by law and not by contract. See Haynes, 226 Ark. at 374.
In Maddox, supra, the court concluded that a school teacher whose tenure, compensation, and duties are all fixed by his contract with the school board, is an employee rather than an officer. 220 Ark. at 764. The same conclusion was reached with regard to a superintendent, as to whom the court stated:
 If the superintendent exercises any part of the sovereign power, he does so as an agent of the school board and not as one to whom the legislature has delegated authority in the first instance.
Id.
It is my opinion that the university professor of law position would be deemed similar to that of the school teacher or superintendent for purposes of the distinction between a "civil office" and public employment under Ark. Const. art 5, § 10. While the compensation, or range thereof, may be established by state appropriation, the professor's duties are not defined by law, nor is the position held by election or official appointment. To the extent it may be contended that a law professor exercises any part of the sovereign power, it would appear that he or she does so as an agent of the university board of trustees, and not as one to whom the legislature has delegated authority in the first instance. See generally Maddox,220 Ark. at 764. The other usual factors pointing to the existence of an office are also absent, e.g., oath of office, formal commission, bond.
The other constitutional restriction to be considered in addressing your question is the so-called "separation of powers" doctrine contained in Article 4, Section 2. See also Ark. Const. art. 4, § 1. Article 4, Section 2 states that "[n]o person, or collection of persons, being one of these departments, shall exercise any power belonging to either of the others, except in the instances hereinafter expressly directed or permitted," The Arkansas Supreme Court has stated the following with regard to Article 4, §§ 1 and 2:
 The object of these several provisions is to emphasize the fact that the officers and offices of the state are divided into three great classes, the legislative, the executive, and the judicial. And the further fact that a person cannot at the same time exercise the duties of more than one office in either of these departments; neither can he exercise the duties of an office in one of these departments, and at the same time those of an office in either one of the other two departments. It follows that, in so far as regards the offices contemplated in these provisions of the constitution, there is a perfect and absolute inhibition against holding two offices at one and the same time, with the exception named in section 26, article 19.
Murphy v. Townsend, 72 Ark. at 183; see also Fulkerson v.Refunding Board of Arkansas, 201 Ark. 957, 147 S.W.2d 980
(1941), citing Murphy v. Townsend, and Martindale v. Honey,supra.
The court in Murphy then narrowed its inquiry to the question of ". . . what are the offices to be affected by these constitutional provisions . . .? 72 Ark. at 183. It thus appears that the Arkansas Supreme Court has not ascribed to the view expressed in the Nebraska case (noted in your request) which would extend the separation of powers analysis to any member of another branch of government, that is, employees as well as officers. Current Arkansas case law suggests instead that the court would focus its inquiry on the position in question and whether the individual is simultaneously exercising the duties of offices in separate departments of the government.
In conclusion, therefore, it is my opinion, based upon the foregoing, that Arkansas law does not prohibit a person from serving concurrently as a state senator and as a university law professor.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh