The Honorable Stanley Russ State Senator P.O. Box 787 Conway, AR 72033
Dear Senator Russ:
This is in response to your request for an opinion on nine questions involving a contract between the Department of Human Services ("DHS") and SCAN, a private non-profit corporation. You state that the contract, which was cancelled in September, 1994, allowed representatives of SCAN to conduct child abuse investigations. Your questions focus primarily upon the legality of the contract, and the various ramifications or consequences in the event the contract was illegal or improper.
Because the contract was, in my opinion, properly entered as a legal matter, I will not address those questions which are premised upon the illegality of the contract. Your question regarding the term "public officers of every description" in A.C.A. § 16-85-503 is addressed below.
With regard to the legal foundation for the contract, this office has previously opined that SCAN representatives are authorized investigatory agents under the Arkansas Code sections concerning child abuse reporting. See Op. Att'y Gen. 91-417 at n. 2 (citing A.C.A. § 9-16-105
regarding the authority of DHS to contract with private, non-profit social service agencies for purposes of providing services). It was noted in that opinion that DHS has, pursuant to this grant of authority, contracted with SCAN to conduct interviews and investigations of suspected child abuse. Id.
While it is therefore my opinion that the contract had a proper legal foundation, the contract did not, of course, relieve DHS of its statutory duty to see that its responsibilities are discharged. See generallyWoodruff v. Shockey, 297 Ark. 595, 764 S.W.2d 431 (1989).
In response to your question regarding A.C.A. § 16-85-503, it is my opinion that SCAN representatives would not be included within the term "public officers of every description." This term is not defined in the statute. As a general matter, however, an "office" is created by law, with the tenure, compensation, and duties of the position usually also fixed by law. See, e.g., Martindale v. Honey, 259 Ark. 416,533 S.W.2d 198 (1976); Haynes v. Riales, 226 Ark. 370, 290 S.W.2d 7 (1956);Maddox v. State, 220 Ark. 762, 249 S.W.2d 972 (1952). Additionally, other typical factors signifying a public office include the taking of an oath, the receipt of a formal commission, and the giving of a bond.Haynes and Maddox, supra.
Applying these factors, it seems clear that SCAN representatives are not "public officers." With regard to DHS representatives, the question may depend upon the particular position in question. Whether the individual holds a public office or a position of employment merely will require consideration of the particular position in light of the foregoing distinguishing criteria or elements of public office. As stated by the Arkansas Supreme Court, "a public employment, on the other hand, is a position in the public service which lacks sufficient of the foregoing elements or characteristics to make it an office." Bean v. Humphrey,223 Ark. 118, 124, 264 S.W.2d 607 (1954), citing 42 Am. Jur. 888.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh