The Honorable Wayne Dowd State Senator P.O. Box 2631 Texarkana, Arkansas 75502
Dear Senator Dowd:
This letter is a response to your request for an opinion regarding special justices who may be appointed to serve on the Arkansas Supreme Court. On behalf of the Judicial Nominations Committee of the Arkansas Bar Association, you have presented the following specific question:
 Is an Arkansas attorney who is otherwise eligible to serve as a Special Justice of the Arkansas Supreme Court rendered ineligible while serving as an employee of the State of Arkansas as a law professor?
It is my opinion that an otherwise qualified Arkansas attorney is not rendered ineligible to serve as a special justice on the Arkansas Supreme Court by virtue of the fact that he is employed by the state as a law professor.[1]
In analyzing the question that you have presented, I have considered two theories under which a law professor might be rendered ineligible to serve as a special justice on the Court, and have determined that those theories will not operate to render law professors ineligible to serve. I have also determined that no other legal theories would apply. The two theories that I have considered are:
(1) The prohibition against dual office-holding; and
(2) The doctrine of separation of powers.
Dual Office-Holding
There are three possible prohibitions against dual office-holding: constitutional prohibitions, statutory prohibitions, and common law prohibitions. Byrd v. State, 240 Ark. 743, 402 S.W.2d 121 (1966). The question that you have presented is addressed by a constitutional prohibition. I have found no statute prohibiting service by law professors as special justices, and I do not believe that the common law prohibition (known as the incompatibility doctrine) is implicated in this instance.
The constitutional prohibition against dual office-holding by Supreme Court justices is set forth in Article 7, Section 10 of the Arkansas Constitution, and the case law that must be read in conjunction therewith. That section of the Arkansas constitution states:
 The Supreme Judges . . . shall not . . . hold any office of trust or profit under the State or the United States.
Ark. Const., art. 7, § 10.
The quoted language raises the question of whether the position of law professor constitutes an "office" within the meaning of this constitutional prohibition.
I have previously opined that the position of law professor is not an "office" for purposes of the other constitutional and common law prohibitions against dual office holding. See Attorney General Opinion No. 92-050, a copy of which is attached.
It is my opinion that the position of law professor does not constitute an "office" within the contemplation of Article 7, Section 10 of the Arkansas Constitution.
It is pertinent to note that the Court has not construed the term "office" in the context of a discussion of Article 7, Section 10 of the Arkansas Constitution. Indeed, we have found no cases in which the Arkansas Supreme Court has construed Article 7, Section 10 at all. However, the Court has construed the term "office" in a wide variety of other dual office-holding contexts and has consistently applied the same analysis to the term "office" across that variety of contexts. See, e.g.,Martindale v. Honey, 259 Ark. 416, 533 S.W.2d 198 (1976); Williams v.Douglas, 251 Ark. 555, 473 S.W.2d 896 (1971); Harvey v. Ridgeway,248 Ark. 35, 450 S.W.2d 281 (1970); Haynes v. Riales, 226 Ark. 370,290 S.W.2d 7 (1956); Maddox v. State, 220 Ark. 762, 249 S.W.2d 972 (1952). Therefore, I find it reasonable to conclude that the same analysis should be applied to a determination of whether the position of law professor is an "office" within the meaning of Article 7, Section 10 of the Arkansas Constitution.
As discussed in Opinion No. 92-050, the Arkansas Supreme Court has taken the position that an "office" is indicated by the following characteristics:
 (1) The holder of position exercises some part of the State's sovereign power;
(2) The tenure, compensation, and duties are usually fixed by law;
(3) The holder of the position takes an oath of office;
(4) The holder of the position receives a formal commission;
(5) The holder of the position gives a bond.
See, e.g., Maddox v. State, 220 Ark. 762, 249 S.W.2d 972 (1952). By contrast, in a position that is not an "office," some or all of the characteristics listed above are lacking. Id.
The only one of the listed characteristics that could even be considered indirectly descriptive of the position of law professor is part of the second one: Compensation fixed by law. The compensation of law professors, as a group, is determined by legislative appropriation. However, it is my understanding that the individual professors' compensation is determined by contract. Therefore even the second listed characteristic may not be considered applicable to law professors. Clearly the remaining four are not: Law professors do not exercise the State's sovereign power (see Op. Att'y Gen. No. 92-050); they do not take an oath of office; they do not receive a formal commission; and they do not give a bond.
I therefore conclude that the position of law professor does not constitute an "office" within the meaning of that term as discussed by the Arkansas Supreme Court.
Accordingly, it is my opinion that the prohibition against dual office-holding that is set forth in Article 7, Section 10 of the Arkansas Constitution does not operate to prohibit law professors from being eligible to serve as special justices on the Arkansas Supreme Court.
Separation of Powers
The separation of powers issue that arises out of the question that you have presented is governed by Article 4, Sections 1 and 2 of the Arkansas Constitution. Article 4, Section 1 divides the powers of the state's government into three distinct branches. Article 4, Section 2 then states:
 No person, or collection of persons, being one of these departments, shall exercise any power belonging to either of the others, except in the instances hereinafter expressly directed or permitted.
Ark. Const., art. 4, § 2.
This constitutional provision raises the question of whether law professors are members of "one of these departments." It is not clear that law professors are, in fact, members of any particular branch of government. However, even if we assume that they are members of the legislative or executive branches, this fact would be immaterial, in that I have already determined that law professors are not "officers." I have previously opined that the Arkansas Supreme Court's decisions appear to indicate that the Court will not extend the separation of powers doctrine to employees of the various branches of government; rather, the doctrine will be applied only to officers of those branches. See Attorney General Opinion No. 92-050, attached, citing Murphy v. Townsend, 72 Ark. 180
(1904). Because of my determination that law professors are not officers, I must conclude that regardless of the branch of government to which law professors may belong (if any), the separation of powers doctrine will not operate to prohibit them from serving as special justices on the Arkansas Supreme Court.
Summary
It is my opinion that neither the constitutional prohibition against dual office-holding nor the doctrine of separation of powers prohibits law professors from serving as special justices on the Arkansas Supreme Court. I found no other legal theory under which law professors could be prohibited from serving as special justices on the Court.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SA/cyh
[1] Individual professors may, of course, be barred from hearing particular cases due to a conflict of interest. See A.C.A. § 16-11-210. This opinion will address only the question of whether law professors are barred from serving because of their positions as professors.