The Honorable Mike Todd State Senator 333 West Court Street Paragould, Arkansas 72450
Dear Senator Todd:
This is in response to your request for an opinion on a question concerning the dual service of one person as a deputy circuit clerk in Clay County and a part-time municipal clerk for the Corning Municipal Court. Specifically, you indicate that a full-time deputy circuit clerk is also employed part-time as municipal court clerk. Her salary as deputy circuit clerk is paid by Clay County and her salary as municipal court clerk is paid in part by the City of Corning and in part by Clay County. You also note that the duties are simultaneous in that the municipal court meets during the same office hours that the circuit clerk's office is open. In other words, the deputy circuit clerk would be drawing salaries from two different sources during a time that she is only able to perform duties for one of the offices. You therefore pose the following question in this regard:
 Can a full-time Deputy Circuit Clerk also serve as a part-time municipal court clerk and continue to receive salaries from both offices? If so, what parameters should be established in the simultaneous performance of those duties?
I have been unable to find any state law prohibition against the situation you describe.[1] The Arkansas Supreme Court has indicated that there are three possible types of legal prohibitions to the concurrent holding of two positions: constitutional prohibitions, statutory prohibitions, and common law prohibitions. Byrd v. State,240 Ark. 743, 402 S.W.2d 121 (1966). In my opinion there are no applicable constitutional prohibitions to the conduct you describe. As regards statutory prohibitions, there are absolutely no state statutes governing the appointment of deputy circuit clerks. There are several statutes relating to the appointment and salaries of municipal court clerks, but none of these statutes prohibit the clerk's simultaneous service as deputy circuit clerk. I have also reviewed the general statutes governing the compensation of county employees. Specifically, I have reviewed A.C.A. § 14-14-1312, which provides that:
 No officer of any county, county quorum court district, or township shall receive from county funds, directly or indirectly, for salary, wages, and perquisites more than the amount appropriated by the respective quorum court for each respective office per annum in par funds and paid to the officer by instrument drawn by the county judge on the treasury.
This statute only applies to "officers" and in my opinion the position of deputy circuit clerk is not an "office." In any event, this statute merely prohibits the receipt of funds other than as appropriated. I assume that there is a valid appropriation for the salary of deputy circuit clerk, and a valid appropriation for the county's portion of the expenses of the municipal court clerk.
In addition, I have found no statutory prohibition to the dual service you describe in the county ethics law, codified at A.C.A. § 14-14-1202, which generally prohibits using an office or official position to advance individual personal economic interest, and which prohibits county employees from being interested in contracts or transactions of the county. In my opinion the deputy circuit clerk is not interested in a "contract" or "transaction" of the county. She is employed by the municipal court and her salary is partially paid by the County, as is required by law. See A.C.A. § 16-17-108(x).
Finally, the common law doctrine of "incompatibility of offices" does not apply where two "offices" are not involved. As stated above, it is my opinion that the position of deputy circuit clerk is not an "office" as that term has been defined by Arkansas case law. See generally, Maddoxv. State, 220 Ark. 762, 249 S.W.2d 972 (1952).
In sum, I can find no state law prohibition to the conduct you describe.[2] In response to the second part of your question, the "parameters" governing this dual service may presumably be established by local ordinance. Consultation with local counsel would be necessary to explore the extent of the local authority in this regard.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] There is one exception. There are four different subchapters of the Arkansas Code governing the creation of municipal courts. I have not been provided with information as to under which subchapter the Corning Municipal Court was created. If, however, the Corning Municipal Court was created under the provisions of Act 128 of 1947, which applies to certain second class county seat cities, the city recorder is to act as municipal court clerk in those cities. A.C.A. § 16-17-304. In addition, if the Corning Municipal Court was created under Act 60 of 1927, which applies to cities with populations of 2,400 or more and county seat towns of less than 2,400, the city has the option, if the duties of municipal court clerk are not full-time, of having any other officer of the city perform the duties of municipal court clerk. See A.C.A. § 16-17-211(g). This latter provision does not mean the current clerk's service is unlawful, it just gives the City the option of having another City officer perform the duties of clerk.
[2] This conclusion is consistent with Op. Att'y Gen. 95-187, recently issued by this office, in which no state law prohibition was found against a city's elected clerk-treasurer continuing to serve in her former position of water bill teller in the city clerk's office and receiving a salary for both positions.