Terry D. Jones, Prosecuting Attorney Fourth Judicial District 280 N. College, Suite 301 Fayetteville, AR 72701
Dear Mr. Jones:
This is in response to your request for an opinion as to whether Article19, Section 4 of the Arkansas Constitution requires that employees of an elected officer (particularly Sheriff's deputies) reside in the respective district or county which the official represents.
Article 19, Section 4 states in relevant part as follows:
 All civil officers for the State at large shall reside within the State, and all district, county or township officers within their respective districts, counties, and townships. . . .
In response to your question, therefore, residency in the respective district or county is required if the employee in question is a "civil officer." In this regard, the Arkansas Supreme Court has consistently adhered to the view that an office is created by law, with the tenure, compensation, and duties of the position also usually fixed by law. See,e.g., Martindale v. Honey, 259 Ark. 416, 533 S.W.2d 198 (1976); Haynesv. Riales, 226 Ark. 370, 290 S.W.2d 7 (1956); and Maddox v. State,220 Ark. 762, 249 S.W.2d 972 (1952). Additionally, a public officer ordinarily exercises some part of the state's sovereign power.Martindale, 259 Ark. at 419; Maddox, 220 Ark. at 763. Other typical factors signifying a public office include the taking of an oath of office, the receipt of a formal commission, and the giving of a bond, although the court has consistently maintained that no single factor is ever conclusive. Haynes v. Riales, supra; Maddox v. State, supra.
With regard, specifically, to deputy sheriffs, it seems clear that such persons are "civil officers" and as such must reside within their respective counties. See State Bank v. Curran, 10 Ark. 142 (1842) (concluding that one cannot simultaneously hold office as justice of the peace and deputy sheriff, rejecting the attempted distinction between sheriff and deputy sheriff as the latter possesses all power of the former). See A.C.A. § 14-15-503 (1987) (regarding powers of deputy sheriffs).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh