The Honorable Mike Huckabee Lieutenant Governor State Capitol, Suite 270 Little Rock, Arkansas 72201
Dear Lieutenant Governor Huckabee:
This is in response to your request for an opinion on the following question:
 Can a State Representative who will resign prior to employment, but whose term will not have expired, be employed as a member of the Governor's staff in light of Arkansas Constitution Article 5, Section 10?
It is my opinion that the answer to your question is "yes."
The provision of the Arkansas Constitution you cite provides that " [n]o Senator or Representative shall, during the term for which he shall have been elected, be appointed or elected to any civil office under this State."
The question presented, in my opinion, is whether the appointment of a State Representative to an executive member staff position with the Governor's office is, as a legal matter, an appointment to a "civil office under this State" within the meaning of art. 5, § 10. It is my opinion that it is not. Although neither the Constitution itself, nor any state statute defines the term "civil office under this State" for purposes of art. 5, § 10, the Arkansas Supreme Court has had occasion to discuss the meaning of this phrase, and, as you have noted, it has been interpreted by previously issued opinions of the Attorney General. As stated in Op. Att'y Gen. 94-031:
 In determining whether a particular position constitutes an `office' or mere employment, the Arkansas Supreme Court has consistently adhered to the view that an office is created by law, with the tenure, compensation, and duties of the position also usually fixed by law. See, e.g., Haynes v. Riales, 226 Ark. 370, 290 S.W.2d 7 (1956); Maddox v. State, 220 Ark. 762, 249 S.W.2d 972 (1952); and Martindale v. Honey, 259 Ark. 416, 533 S.W.2d 198 (1976). Additionally a public officer ordinarily exercises some part of the state's sovereign power. Maddox, 220 Ark. at 763; Martindale, 259 Ark. at 419. Other typical factors signifying a public office include the taking of an oath of office, the receipt of a formal commission, and the giving of a bond, although the court has consistently maintained that no single factor is ever conclusive. Haynes v. Riales, supra; Maddox v. State, supra.
Op. Att'y Gen. 94-031 at 2.
You note that you, as Governor, will set the terms of employment, duties and salary of the former state representative, and that the position will not require an oath, a bond, or a commission of office. He will not have a fixed tenure of office, but will be employed at will. These factors support the conclusion that an "employment" rather than an "office" is created.
A similar conclusion was reached in Haynes v. Riales, cited above, the facts of which detailed a sitting state senator's employment as a field auditor for the Arkansas Burial Association Board. A taxpayer sued, alleging the senator's service with the Burial Association Board violated Arkansas Constitution art. 5, § 10. The Arkansas Supreme Court held that the position of field auditor with the Burial Association was an employment rather than a "civil office" for purposes of art. 5, § 10, noting that the act authorizing the employment of field auditors did not set out any term or tenure of the auditors, or their emoluments or duties. The Board was merely authorized to employ the auditors through contract.
Additionally, as you have noted, an Opinion issued by my predecessor in office supports the conclusion that an employment rather than a "civil office" is created under the facts you have outlined. In Op. Att'y Gen.90-191 a question was posed as to whether it was lawful for an incumbent member of the Arkansas General Assembly to become a paid employee of one of the constitutional offices identified in Amendment 56 to the Arkansas Constitution. The answer given was "yes," that the "mere employment of a member of the General Assembly in one of these offices would not necessarily in itself be unlawful." Op. Att'y Gen. 90-191 at 1. See also
Ops. Att'y Gen. 94-031 (position of assistant attorney general not an "office"), 93-432 (position of judicial district drug task force director not an "office"); and 92-050 (position of law professor at a state university law school not an "office"). These opinions should be contradistinguished from such opinions as Op. Att'y Gen. 93-289 (member of State Board of Election Commission is a civil office); and Op. Att'y Gen. 88-187 (Motor Vehicle Commission member is a civil office).
Finally, I noted in Op. Att'y Gen. 94-031, in opining that the position of assistant attorney general was not an "office," that the position was not created by law. Neither the tenure, compensation or duties of the position were fixed by law. Additionally, in addressing whether an assistant attorney general exercised any of the State's sovereign power, I stated that "an assistant attorney general does not exercise part of the state's sovereign power, apart from the Attorney General himself. He derives his authority to act by the appointment of the principal, the Attorney General, who is responsible for the faithful discharge of the duties of the office." Op. Att'y Gen. 94-031 at 2. It would appear that similar facts have been presented by your question, again supporting the conclusion that a mere employment, rather than an office is at issue.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
ECW/cyh