The Honorable Mike Ross State Senator P.O. Box 374 Prescott, Arkansas 71857-0374
Dear Senator Ross:
This is in response to your request for an opinion on three questions you posed previously in Op. Att'y Gen. 97-341. In that opinion, I opined that school district superintendents were not eligible to serve as school board representatives on boards of regional educational cooperatives, and that only a member of a school board was so eligible. In light of that conclusion, answers to three additional questions you posed were unnecessary. Since the issuance of that opinion, however, I have been asked to review that conclusion. I have done so with the issuance of Op. Att'y Gen. 98-016, in which I concluded that the issue is not as clear as I previously opined. Opinion 98-016 concludes that the issue is unclear and can only be definitively resolved by a court or legislative clarification.
Having heard of the request upon me to review the matter, you request, in the event my original opinion changes, an opinion on the three questions left unanswered in Opinion 97-341. The first question posed in your original request was, of course, whether a superintendent was eligible to serve on the cooperative board. Your three additional questions were, and are now, as follows:
 1. Can a person, who is not employed by the school district, be appointed?
 2. Can a person, who is not a resident of the school district, be appointed?
 3. Can a person, who is employed by the school district who is not a resident of the school district, be appointed?
The answers to each of these questions is unclear under current law. There is some indication in the relevant legislation that the representative should be someone who holds a "position" with the school district. The legislative intent in this regard is not entirely clear, however. The question of whether the representative must be a resident of the school district, absent some local school board requirement in this regard, turns upon whether it is an "office" for purposes of the Arkansas Constitution's requirement that all "officers" be residents in the political subdivision they serve. Again, this question is unclear under current law.
The relevant language does not list the qualifications of the representative who is to serve on the board of the regional cooperative. The statute (A.C.A. § 6-13-1006) states merely that each cooperative shall be governed by a board of directors consisting of one representative of each school district board of directors. The qualifications of this representative are not detailed. Another portion of the relevant subchapter, however, indicates that when school districts petition for the creation of a cooperative, which is done by school board resolution, the resolution shall "indicate by name or position that district's representative on the board of directors of the proposed education service cooperative." See A.C.A. § 6-13-1004(b). (Emphasis added.) This language, at least in part, contemplates that the representative will have a "position," presumably with the school district. The fact that the statute also authorizes the designation of the representative "by name," however, renders the legislative intent less than ironclad. In answer to your first question, therefore, there is some evidence of legislative intent that the representative have a "position" with the school district, but it cannot be said to be conclusive of the question.
In my opinion the answer to your second question will turn upon whether the position of educational cooperative board member is an "office" for purposes of Arkansas Constitution, art. 19, § 4. That provision states:
 All civil officers for the State at large shall reside within the State, and all district, county and township officers within their respective districts, counties, and townships, and shall keep their offices at such places therein as are now or may hereafter be required by law.
This provision is in addition to the "qualified elector" requirement of art. 19, § 3 which simply provides that "[n]o persons shall be elected to or appointed to fill a vacancy in any office who does not possess the qualifications of an elector."
It is clear that the two provisions above apply to school district directors. See, e.g., Davis v. Holt, 304 Ark. 619, 804 S.W.2d 362
(1991). What is unclear for purposes of your question is whether they also apply to persons appointed as school board representatives on the board of an educational cooperative. The question becomes whether that position is an "office" to which these provisions apply, and if so, whether residence is then required in the school district, or in the broader area to be served by the cooperative. Both of these questions are unclear under current law.
There is a good deal of Arkansas law describing the characteristics of an "office." For example, in Maddox v. State, 220 Ark. 762, 249 S.W.2d 972
(1952), it was stated as follows:
 A public officer ordinarily exercises some part of the State's sovereign power. His tenure of office, his compensation, and his duties are usually fixed by law. The taking of an oath of office, the receipt of a formal commission, and the giving of a bond all indicate that a public office is involved, although no single factor is ever conclusive.
Id.
It has been stated that sovereign powers are a necessary requisite of a public office. Bean v. Humphrey, 223 Ark. 118, 264 S.W.2d 607 (1954). The sovereign authority which the officer is entitled to exercise will determine whether it is an office under the municipal, county, state or federal government.
The position of cooperative board member is created by law, but its duties, tenure and emoluments are not exhaustively enumerated. The position of "executive committee" member of such a cooperative is given more detailed treatment in the applicable statutes. See, e.g., A.C.A. §6-13-1007.
It is thus unclear, in my opinion, whether the position of cooperative board member would be characterized as an "office" for purposes of Arkansas Constitution, art. 19, §§ 3 and 4 so as to require the board member to be a resident of his district. Even if the position were so characterized, a question arises as to the geographic area of the board member's service. These provisions of the Constitution require residence in the political subdivision to be served by the official. See Davis,supra. The relevant question is whether a cooperative board member is an officer of the school district he represents, or an officer of the regional cooperative. In the former case, (assuming the position is an office) residence in the school district would be required, in the latter, residence would be required only in the cooperative boundaries.Cf. Op. Att'y Gen.
Again, the answers to these questions are unclear under Arkansas law, and the law surrounding the qualifications of these cooperative board members could benefit from legislative clarification.[1] Your third question, as a practical matter, simply restates your second question. Reference should be had to the discussion above.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
[1] You also ask, if I revise the conclusion reached in Op. Att'y Gen.97-341, whether this also indicates that I am reversing Op. Att'y Gen.94-253, which also touches on the issues of the qualifications of cooperative board members. The statement made in Opinion 94-253, which presumed that the cooperative representative would be a school board member, can be fairly characterized as dicta. To the extent, however, it is inconsistent with anything said in Opinion 98-016, it is superseded.