The Honorable Sue Madison State Representative 573 Rockcliff Road Fayetteville, Arkansas 72701-3809
Dear Representative Madison:
This is in response to your request for an opinion on the following two questions:
 1. Pursuant to A.C.A. § 12-27-100 and the Arkansas Constitution, can the Board of Correction and Community Punishment appoint an administrator of the Department of Correction to direct and administer the Department of Community Punishment; and
 2. Pursuant to A.C.A. § 12-27-100, and in particular A.C.A. § 12-27-138, can the Board of Correction and Community Punishment combine financial and/or other operational divisions of the Department of Correction and the Department of Community Punishment into a single division, administered by a single officer?
RESPONSE
In my opinion, to the extent your question inquires whether the Board of Correction and Community Punishment may appoint the Director of theDepartment of Correction to administer the Department of Community Punishment and serve simultaneously in both positions, in my opinion the answer to your first question is "no." If your reference to an "administrator" refers to someone other than the Director of the Department of Correction, more facts would be necessary to answer your first question. In my opinion, again, to the extent your second question posits the scenario of one person acting as director of both agencies, the answer in my opinion is "no." The statutes contemplate two separate directors. If your second question inquires as to the combination and single management of lesser functions, more facts would be necessary to come to a definitive conclusion.
Question 1 — Pursuant to A.C.A. § 12-27-100 and the ArkansasConstitution, can the Board of Correction and Community Punishmentappoint an administrator of the Department of Correction to direct andadminister the Department of Community Punishment?
I assume that your first question inquires as to whether the Board of Correction and Community Punishment ("the board") can appoint a sitting administrator of the Department of Correction ("ADC") to oversee and act simultaneously as director of the Department of Community Punishment ("DCP"). I see no general proscription against such a person resigning
one position to take another, so I assume that your question refers to simultaneous service. In addition, you do not state specifically what position the "administrator" holds with the Department of Correction. To the extent the "administrator" you reference is the Director of the Department of Correction, in my opinion this person may not be appointed to serve simultaneously as Director of the Department of Community Punishment. The relevant statutes in this regard, in pertinent part, contemplate the appointment of two separate officers, to wit:
A.C.A. § 12-27-107
 (a) The Director of the Department of Correction, who shall be the executive, administrative, budgetary, and fiscal officer of the department, shall be appointed by the Board of Correction and Community Punishment at a salary fixed by the board which shall not exceed the maximum salary for the position established by law.
 (b) The director shall be qualified for the position by character, ability, education, training, and successful administrative experience in the correctional or related fields.
 (c) The director shall serve at the pleasure of the Board of Correction and Community Punishment. [Emphasis added.]
The statute then sets out the duties of the Director of the Department of Correction. See A.C.A. § 12-27-107 (d) (1) — (6). The Director is required to take an oath of office before entering into his duties (A.C.A. § 12-27-109) and is, in my opinion, clearly an "officer" of the State. See e.g., Maddox v. State, 220 Ark. 762, 249 S.W.2d 972 (1952) (defining the characteristics of an "officer").
The relevant statutes with regard to the Director of Community Punishment state that:
A.C.A. § 12-27-126
 (a) The Director of the Department of Community Punishment shall be appointed by the board at a salary fixed by the board, which shall not exceed the maximum salary for the position established by law.
 (b) The director shall be qualified for the position by character, ability, education, training, and successful administrative experience in the correctional, community punishment, or related fields.
 (c) The director shall serve at the pleasure of the board. [Emphasis added.]
The statute then goes on to set out the duties of the Director of the Department of Community Punishment. See A.C.A. § 12-27-126 (d) (1) — (5). Because he also possesses the characteristics of an "officer" (seeMaddox, supra) the Director of DCP is required to take the oath of office required under Arkansas Constitution, art. 19, § 20.
The statutes clearly contemplate that two separate persons will hold the positions of Director of the Department of Correction and Director of the Department of
Community Punishment. In my opinion, the result may also be constitutionally compelled by Arkansas Constitution, art. 19, § 6, which provides as follows:
 No person shall hold or perform the duties of more than one office in the same department of the government at the same time, except as expressly directed or permitted by this Constitution.
In my opinion the directorships of ADC and DCP are "offices" in the executive branch of government as those concepts are used in art. 19, § 6. In my opinion, therefore, the Director of ADC may not serve simultaneously and also "perform the duties" of the Director of DCP.
To the extent your question refers to some "administrator" of the ADC other than the Director, other provisions may prohibit such person's simultaneous service as director of DCP. As an initial matter, if the "administrator" to whom you refer is an "officer," the same constitutional prohibition cited above stands as a prohibition. Even if such person can not be characterized as an "officer," however, the receipt of salary from more than one state agency is strictly regulated and may stand as a prohibition. See e.g., A.C.A. § 19-4-1604 (Supp. 1999). Although the relevant statutes do refer to the "transfer" of employees within each department and between departments (A.C.A. §12-27-105 (b)(15)) and to a "transfer" of positions within or between the departments (A.C.A. § 12-27-138 (a)(1)) (Supp. 1999), these provisions do not, in my opinion, generally contemplate or authorize simultaneous service in two different positions. The question of whether a particular "administrator" of ADC (other than the Director) could lawfully serve as director of DCP is, however, ultimately a fact question which would require the elaboration and determination of more facts than outlined in your request.
Question 2 — Pursuant to A.C.A. § 12-27-100, and in particular A.C.A. §12-27-138, can the Board of Correction and Community Punishment combinefinancial and/or other operational divisions of the Department ofCorrection and the Department of Community Punishment into a singledivision, administered by a single officer?
To the extent your question inquires as to whether a single officer can legally perform the duties of director of each department, in my opinion the answer under current law, and as stated above, is "no." Again, state law contemplates two separate directors for the positions at issue. In addition, the particular statute you reference, A.C.A. § 12-27-138, which authorizes certain transfers of positions, programs, funds, appropriations and line-items between departments, notes that such transfers may be made at the direction of the board, which can instruct the "department directors" (plural) to request the Chief Fiscal Officer to make the transfer.
To the extent your question inquires whether lesser functions or divisions may be combined and operated by a single officer for both agencies, more facts would be required to address this question. Current statutory references to the chain of command within each Department, however, may stand as a practical, if not legal prohibition in this regard. See e.g., A.C.A. § 12-27-123 (all staff, employees, and other personnel of the Department of Correction shall be under the direct supervision and control of the Director of the Department of Correction); and A.C.A. §§ 12-27-125 and 126 (Department and Director of DCP authorized to employ such personnel as are required in the administration of the Department).
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh