The Honorable Bob Adams State Representative 320 Grant 4653 Sheridan, Arkansas 72150-3646
Dear Representative Adams:
I am writing in response to your request for an opinion on the following question:
 Can a person who is employed by the Arkansas Public Defender Commission as a public defender serve in the General Assembly as a representative or a senator without violating, Article V, Section 10 of the Arkansas Constitution? If not, what are the restrictions?
RESPONSE
In my opinion the answer to your question depends upon the exact position held by the "public defender" and upon which position, public defender or member of the General Assembly, the individual held first. I cannot determine the focus of your question in either of these particulars. If your question refers to the public defender for a particular judicial district (the person appointed after a vote of the judges in the district for a term of two years), in my opinion a person who holds such office is ineligible to take a seat in the General Assembly by virtue of the provisions of Arkansas Constitution, art. 5, § 7. Of course, the eligibility of any person to take a seat in the General Assembly is a matter for the General Assembly alone to determine. If the General Assembly in any event chose to seat such a person, that person would thereafter be ineligible under Arkansas Constitution, art. 5, § 10, during his term as member of the General Assembly, for reappointment as "the" public defender. Similarly, a sitting member of the General Assembly is not eligible for initial appointment as "the" public defender under art. 5, § 10 and resignation during the term does not remove the ineligibility.
If by your reference to "public defender," however, you mean a chief public defender or a rank and file attorney who works for a district "public defender" or even directly for the Director of the State Public Defender Commission in "state operations," in my opinion such a person is not constitutionally prohibited from seeking or holding the office of member of the General Assembly, assuming no federal law prohibits this action.[1] These types of positions constitute state "employment," rather than state "offices" and the constitutional prohibitions do not attach. Certain statutory conditions on the separate state employment of members of the General Assembly, however, must be considered.
The relevant constitutional provisions are Arkansas Constitution, art. 5, §§ 7 and 10, which provide respectively, as follows:
Article 5, § 7
 No judge of the supreme, circuit or inferior courts of law or equity, Secretary of State, Attorney-General for the State, Auditor or Treasurer, recorder, or clerk of any court of record, sheriff, coroner, member of Congress, nor any other person holding any lucrative office under the United States or this State (militia officers, justices of the peace, postmasters, officers of public schools and notaries excepted), shall be eligible to a seat in either house of the General Assembly.
 Article 5, § 10
 No Senator or Representative shall, during the term for which he shall have been elected, be appointed or elected to any civil office under this State.
A state statute is also relevant on the question. Arkansas Code Annotated 21-1-107, enacted in 1997, provides as follows:
21-1-207. State employees.
 Notwithstanding any law to the contrary, no employee of the state, a county, a municipality, a school district, or any other political subdivision of this state shall be deprived of his or her right to run as a candidate for an elective office or to express his or her opinion as a citizen on political subjects; unless as necessary to meet the requirements of federal law as pertains to employees.
In Williams v. Douglas, 251 Ark. 555, 473 S.W.2d 896 (1971), the Arkansas Supreme Court described the difference between art. 5, § 7 and art. 5, § 10 of the constitution, explaining that art. 5, § 7 addresses the eligibility of previously elected civil officers to be seated in the state legislature, whereas art. 5, § 10 addresses the eligibility of already seated state legislators to be elected (or appointed) to other civil offices. If your question inquires about an existing district public defender ("the" public defender for a particular judicial district) who wishes to seek and hold the office of member of the General Assembly, then art. 5 § 7 is the relevant provision. If your question refers to a sitting member of the General Assembly who wishes to be appointed as the district public defender, then art. 5, § 10 is the relevant position. If your question refers to a lesser attorney who simply works under a district public defender or for the state office under the Public Defender Commission, then in my opinion neither constitutional provision applies.
The prohibitory constitutional provisions refer to "offices." The first, art. 5, § 7 refers to any "lucrative office." No person holding any "lucrative office" under this state (except for some specifically exempted), is eligible to a seat in either house of the General Assembly. The second, art. 5, § 10, refers to any "civil office." No member of the General Assembly is eligible for appointment or election during his term to any "civil office" under this state. The statute, on the other hand (A.C.A. § 21-1-207), which guarantees the right to seek public office, refers to "employees," and not officers. This accounts for divergent responses to your question dependent upon whether the public defender in question is "the" public defender, who is in my opinion an "officer," or simply an attorney employed as "a" public defender, and thus only an "employee." The concept of an "office" as opposed to an "employment" was discussed in Op. Att'y. Gen. 95-210, as follows:
 As discussed in Opinion No. 92-050, the Arkansas Supreme Court has taken the position that an "office" is indicated by the following characteristics:
 (1) The holder of position exercises some part of the State's sovereign power;
(2) The tenure, compensation, and duties are usually fixed by law;
(3) The holder of the position takes an oath of office;
(4) The holder of the position receives a formal commission;
(5) The holder of the position gives a bond.
 See, e.g., Maddox v. State, 220 Ark. 762, 249 S.W.2d 972 (1952). By contrast, in a position that is not an" office," some or all of the characteristics listed above are lacking. Id.
Op. Att'y Gen. 95-210 at 3.
It was also stated in Op. Att'y. Gen. 97-364 (in which my predecessor concluded that a "trial public defender" is ineligible to take a seat in the General Assembly), as follows:
 As was stated in Bean v. Humphrey, 223 Ark. 118, 264 S.W.2d 607
(1954), in distinguishing between an officer and an employee:
 When a question arises whether a particular position in the public service is an office or an employment merely, recourse must be had to the distinguishing criteria or elements of public office. . . . Briefly stated, a position is a public office when it is created by law, with duties cast on the incumbent which involve some portion of the sovereign power and in the performance of which the public is concerned, and which also are continuing in their nature and not occasional or intermittent; while a public employment, on the other hand, is a position in the public service which lacks sufficient of the foregoing elements or characteristics to make it an office.
 223 Ark. at 124, citing 42 Am. Jur. 888.
Op. Att'y Gen. 97-364 at 3.
The tenure, compensation and duties of the district public defender are set by law. See A.C.A. § 16-87-303(a), § 16-87-305 and 16-87-306 (Supp. 1999). See also Act 1799 of 2001, effective August 13, 2001. My predecessor concluded, under previous statutes, that a "trial public defender" inhabited a "lucrative office under this state" for purposes of art. 5, § 7, opining that, in addition to the factors above, "the public is concerned with the performance of the duties, and at least some portion of the state's sovereign power of the state is exercised by these officers." Id. at 4. I concur in this view.
In my opinion, therefore, "the" district public defender, who is appointed after a vote of the district judges to serve a term of two years, is ineligible for a seat in the General Assembly.[2] As stated in Op. Att'y. Gen. 97-364, however, the eligibility of persons to take a seat in the General Assembly is for the General Assembly alone to determine. See Arkansas Constitution, art. 5, § 11; Irby v. Barrett,204 Ark. 682, 163 S.W.2d 512 (1942); and State ex rel. Evans v. Wheatley,197 Ark. 997, 125 S.W.2d 101 (1939). If the General Assembly in any event seated such a person, art. 5 § 10 would prohibit his later reappointment (during his term as General Assembly member) as the public defender. Cf.Williams v. Douglas, 251 Ark. 555, 473 S.W.2d 896 (1971).
Likewise, a sitting member of the General Assembly is ineligible, during the term for which he shall have been elected, for appointment as "the" district public defender. This would constitute the impermissible acceptance of a "civil office under this State" during the General Assembly member's term. Resignation as a member of the General Assembly would not remove the disability. See Op. Att'y. Gen. 99-396.
The rank and file attorneys who work under "the" district public defenders, however, or even the attorneys who work directly under the Director of the Public Defender Commission in "state operations," do not, in my opinion hold "offices" for purposes of these provisions. In my opinion, therefore, the constitutional provisions are inapplicable in that instance. Barring any federal law prohibition, such a person is not prohibited from seeking and holding the office of member of the General Assembly. It should also be noted, however, that once such a person becomes a member of the General Assembly, certain restrictions on that persons salary obtain. See A.C.A. § 21-1-402(a)(2) (Supp. 1999).
Finally, if your question refers to a member of the General Assembly who is contemplating employment as a public defender with the state (other than as "the" district public defender), he may not, as a matter of statute, enter into new employment with the state unless he resigns from the General Assembly. See A.C.A. § 21-1-402 (a)(1).
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] The federal Hatch Act, which is codified as 5 U.S.C.A. § 1501 et seq., provides that a state or local officer or employee covered by the act may not be a candidate for elective office. 5 U.S.C.A. § 1502(a)(3); see also Op. Att'y Gen. 96-075. The act applies to individuals whose principal employment by a state or local agency is in connection with an activity that is financed in whole or in part by loans or grants made by the United States or a federal agency. 5 U.S.C.A. § 1501(4). Non-partisan races and candidates for those races are exempted from the Hatch Act.5 U.S.C.A. § 1503.
[2] I should note, however, that such a person may apparently resign the office of public defender to seek a position in the General Assembly. See Op. Att'y Gen. 96-245, n. 1, and A.C.A. § 7-5-207(b) (requiring eligibility at the time of filing for office).