The Honorable Cecile Bledsoe State Representative P.O. Box 2457 Rogers, AR 72757-2457
Dear Representative Bledsoe:
I am writing in response to your request for an opinion on the following question:
 Do Charter School Board Members have to be sworn in by the County Clerk?
RESPONSE
It is my opinion that the answer to this question is "no." Although members of school district boards of directors must subscribe to an oath of office (see A.C.A. § 6-13-617 (Supp. 2001)), I have found no similar statutory requirement with respect to charter schools.[1] Nor, in my opinion, does the constitutional oath requirement (Ark. Const. art. 19, §20) apply in this instance.
It must be initially noted in addressing this question that there is no provision in the Arkansas Charter Schools Act of 1999 for a "charter school board." This act, as amended, is codified at A.C.A. §§ 6-23-101 etseq. (Rep. 1999 and Supp. 2001). It provides for two types of charter schools: conversion charter schools and open-enrollment charter schools. Reference must also be made to A.C.A. § 6-23-601 (Supp. 2001), the codification of Act 1311 of 2001 which authorized limited charter schools and which, similarly, makes no provision for a "charter school board," as referenced in your question.
While I am therefore somewhat uncertain regarding the exact nature or origin of the particular board at issue, I am assuming, as explained in n. 1, supra, that your question refers to a board that constitutes or is part of the governing structure of an open-enrollment charter school. No oath requirement appears under any of the provisions pertaining to this governing structure. An open-enrollment school may be formed upon petition of an "eligible entity"[2] and may operate in a facility of a commercial or nonprofit entity or a public school district. See A.C.A. §6-23-302 (Supp. 2001). The charter granted for an open-enrollment charter school must describe the governing structure of the program. A.C.A. §6-23-306 (8) (Supp. 2001). There is no further reference, however, in the Charter Schools Act, to the governance of an open-enrollment charter school, other than the requirement that it be "governed by an eligible entity that is fiscally accountable and under the governing structure as described by the charter." A.C.A. § 6-23-401 (a) (1) (Repl. 1999).
I thus conclude, generally, that there is no statutory oath requirement for the members of an open-enrollment charter school governing board.[3]
Consideration must also be given, however, to Article 19, Section 20 of the Arkansas Constitution, which sets forth the oath that must be subscribed to by all "officers, both civil and military before entering on the duties of their respective offices. . . ." In my opinion, this provision is inapplicable because the members of the governing body of an open-enrollment charter school do not hold a civil office. The Arkansas Supreme Court has consistently expressed its commitment to the view that a civil office is created by law, with the tenure, compensation, and duties of the incumbent also usually fixed by law. See, e.g. Haynes v.Riales, 226 Ark. 370, 290 S.W.2d 7 (1956); Maddox and Coffman v. State,220 Ark. 762, 249 S.W.2d 972 (1952); Martindale v. Honey, 259 Ark. 416,533 S.W.2d 198 (1976). These essential characteristics of a public office are clearly lacking in the case of individuals who serve on the board that governs an open-enrollment charter school. While the Charter Schools Act, as noted above, requires a governance plan for the operation of an open-enrollment charter school, the act goes no further in specifying the governing structure or establishing any positions in connection therewith.
In response to your specific question, therefore, having found no provision of law that would require open-enrollment charter school board members to subscribe to an oath, I conclude that the members do not have to be sworn in by the county clerk.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] I assume that your question pertains to an open-enrollment charter school (see A.C.A. §§ 6-23-301 — 507), as opposed to a conversion charter school (A.C.A. §§ 6-23-201 — 207) or a limited charter school (A.C.A. §6-23-601 (Supp. 2001)). It appears that conversion charter schools and limited charter schools do not have separate governing entities, apart from the local school board. See A.C.A. §§ 6-23-201 and -601 (Supp. 2001) (providing for charter school status upon petition of a public school district ("conversion charter school") or a public school ("limited charter school")). Because it is clear that local school board members must be sworn in by the county clerk in accordance with A.C.A. §6-13-617, supra, I am assuming that your question pertains instead to an open-enrollment charter school, which has its own governing structure.See A.C.A. §§ 6-23-306 (8) and -401 (a) (1).
[2] An "eligible entity" is defined as "a public institution of higher education, a private nonsectarian institution of higher education, a governmental entity, or an organization that is nonsectarian in its program, admission policies, employment practices, and operations and is exempt from taxation under Section 501(c)(3) of the Internal Revenue Code of 1986[.]" A.C.A. § 6-23-103 (3) (Repl. 1999).
[3] An oath requirement might apply in the case of the members of a governing body of a public "eligible entity." See A.C.A. § 6-23-103 (3),supra at n. 2 (defining "eligible entity" to include a "public institution of higher education" and a "governmental entity."). In that instance, however, the members would subscribe to the oath attached to their public office, rather than any separate oath imposed on them as members of the governing body of a charter school.