79    213
f79    521

BROWN v. HASELMAN.

Opinion delivered May 28, 1906.

SCHOOL ELECTION—PENALTY.—Kirby's Digest, § 1667, imposing a penalty upon any judge or clerk of any election who "shall neglect, improperly delay or refuse to perform any of the duties required by law," etc.,

is inapplicable to school elections not conducted under the general election law, as provided by Kirby's Digest, § 7591.

Appeal from Hempstead Circuit Court; *Joel D. Conway,* Judge; affirmed.

*C. C. Hamby* and *J. M. Carter,* for appellant.

The complaint is sufficient in law, and the court erred in sustaining the demurrer. Kirby's Digest, § 1667; *Ib.* § 7589; *Ib;* § 2773; *Ib.* § 2772.

*James H. McCollum,* for appellee.

1. The statute upon which this action is based (Kirby's Digest, § 1667) was repealed by the later election law which covers the entire ground of the subject-matter of the former statute. Kirby's Digest, c. 57; 70 Ark. 25, and cases cited. Hence no cause of action was stated, and the demurrer was properly sustained.

2. But, if it had not been repealed, it has no application to school elections. Kirby's Digest, § 7680; 43 Ark. 413.

McCulloch, J. This is an action to recover the prescribed penalty for an alleged violation of the following statute:

"If any judge or clerk of any election, or any other person concerned in the conducting of any election, shall neglect, improperly delay or refuse to perform any of the duties required by law, having undertaken to do so, or shall be guilty of corruption, partiality or manifest misbehavior in any matter or thing appertaining to such election, or shall unduly attempt to influence the election, he shall forfeit and pay the sum of $200, to be recovered by indictment, or by action of debt, in the name of any person who may sue for the same." Kirby's Digest, § 1667.

It is alleged in the complaint that the defendant was one of the judges of the annual school election held on the third Saturday in May, 1904, in the school district of Ozan in Hempstead County, and, together with his fellow judges of election, refused to permit the plaintiff, who was a qualified elector of said district, to vote. The circuit court sustained a demurrer to the complaint and the plaintiff appealed.

The sole question presented for our consideration is whether or not the statute in question applies to elections held in single

school districts organized in cities and incorporated towns. This section was a part of the statute enacted January 23, 1875, entitled "An act providing a· general election law." The act in term applies only to general elections of State, county and township officers, and to special elections held to fill vacancies in said offices. Another section of the same statute provides a penalty for keeping open dram-shops on the day of any election, but this court, in *Stout* v. *State,* 43 Ark. 414, held that it did not apply to school elections. The act of April 10, 1893, regulating elections in single school districts, provides in express terms that the act of March 4, 1891, regulating general elections, shall have no application. The act of April 10, 1903, provides that "it shall be lawful for the county court of any county, at the April term thereof, to enter an order adjudging that the general election law shall apply to any school election to be held in said county for said year," and that the sheriff shall make proclamation to that effect, etc. Kirby's Digest, § 7591. Even if it should be held, which is to say the least very doubtful, that such an order made by the county court put in force this statute prescribing a penalty against election officers, still the existence of such an order was not alleged in the complaint.

The statute in question is strictly penal in its nature, and must be strictly construed. This court refused to apply it in *Stout* v. *State, supra,* and we think the principles announced in the opinion in that case control this case.

Affirmed.