HCA MEDICAL SERVICES OF MIDWEST, INC.,
d/b/a DOCTOR'S HOSPITAL *v.* Darrell W. RODGERS
and Sally RODGERS

86-307                                            730 S.W.2d 229

Supreme Court of Arkansas
Opinion delivered June 1, 1987

*Gayle Windsor, Jr.,* for appellant.

No brief filed for appellees.

DAVID NEWBERN, Justice. The sole issue in this case is whether Act 638 of 1983 violates the constitutional equal protection of the laws requirement. The act provides that claims for charges for medical services performed or provided prior to April 1, 1985, must be brought within eighteen months. In 1985, the general assembly added a provision, not applicable here, that the limitation would be two years for such claims arising after March 31, 1985. Act 894 of 1985. These acts are codified as subsections (a) and (b) of Ark. Stat. Ann. § 37-245 (Supp. 1985).

The stipulation and testimony before the court left no doubt that the claim was brought after the applicable eighteen-month limitation period. The appellant argues that the legislation created an inferior class of medical services creditors by imposing upon them a shorter limitation than had been imposed upon other creditors similarly situated. Thus, it contends, Ark. Const. art. 2, § 18, and the Fourteenth Amendment to the United States Constitution have been violated by this deprivation of equal protection of the laws.

We upheld Act 638 of 1983 against the same constitutional argument in *Ballheimer* v. *Service Finance Corporation*, 292 Ark. 92, 728 S.W.2d 178 (1987), citing *Owen* v. *Wilson*, 260 Ark. 21, 537 S.W.2d 543 (1976), and *Carter* v. *Hartenstein*, 248 Ark. 1172, 455 S.W.2d 918 (1970). While the *Owen* case did not involve a reference to the equal protection provisions of the constitutions, the *Carter* case did, and there, in a thorough opinion by Special Chief Justice Roy Penix, this court noted that "[a]lmost every statute or law serves to work for some and against others," but that if the law is neither unreasonable nor arbitrary, it will not be struck down as unconstitutional.

The appellant argues that the *Carter* case is distinguishable because there the opinion noted differences between the classes of persons affected by different limitation periods at issue. The contention here is that there are no such differences. The appellant has, however, not convinced us of that proposition. The appellant's evidence and the stipulation before the trial court were insufficient to prove that there were no differences between medical service providers and others which would make the limitations distinction reasonable. Rather, the appellant provided only evidence tending to show that the short period had caused problems for patients and for medical service providers working with insurance claims. No evidence was presented to show that the general assembly did not have or could not have had a reasonable basis for finding, in the words of the trial judge, "that medical services are traditionally provided under special circumstances deemed . . . sufficient for medical providers to be in a different category from other creditors who perform services and sell goods to the public." Before we will declare an act of the general assembly unconstitutional, there must be clear and strong evidence that it is incompatible with the Constitution, and we will resolve all doubts in favor of the constitutionality of the act in question. *Phillips* v. *Giddings*, 278 Ark. 368, 646 S.W. 2d 1 (1983). *See also Eason* v. *State*, 11 Ark. 851 (1851).

Affirmed.