CRAIGHEAD COUNTY BOARD OF EDUCATION, Joe Boone, Doyle Yarbrough, and Robert Flannigan *v.* Mearl HENRY

87-314                                748 S.W.2d 132

Supreme Court of Arkansas
Opinion delivered April 18, 1988

*Bill W. Bristow, P.A.*, for appellants.

*Henry, Walden & Davis*, by: *Troy Henry*, for appellee.

DAVID NEWBERN, Justice. Appellant, Craighead County Board of Education, dismissed Mearl Henry, the appellee, from his position as county school superintendent. The other appellants are Joe Boone, Doyle Yarbrough, and Robert Flannigan, who were apparently the only three members of the board. Henry sought a declaratory judgment to the effect that the dismissal was illegal because appellant Flannigan, who had voted to dismiss Henry, was not legally a member of the board when the vote was taken because he had forfeited his membership when he became mayor of Monette, Arkansas. Combined with his claim for a declaratory judgment was Henry's claim for damages for unlawful dismissal. The trial court held that Flannigan could not have been a member of the board when the vote on Henry was taken because Ark. Code Ann. § 6-12-101(b) (1987) provides that a county board of education member shall be one who does "not hold any salaried . . . office of the state or any political subdivision thereof." A final judgment was issued on this claim, and the matter was certified as being appealable pursuant to Ark. R. Civ. P. 54(b). We reverse because we find the statute to be in conflict with Ark. Const. art. 19, § 26, which provides in part that "officers of the public schools may be elected to fill any executive or judicial office."

The argument of the board is that Flannigan is not a public school officer so the constitutional provision does not protect him from the application of the statute. The contention is that he is a "county officer" rather than a public school officer, and that he

cannot be a public school officer because he is affiliated with no school district. No explanation or authority is given to support the proposition that one may not be both a county officer and a public school officer. The board cites *Cade* v. *State*, 185 Ark. 1150, 51 S.W.2d 857 (1932), but there it was held only that a county board member and a county superintendent of schools were county officers; it was not held that they were not public school officers. Nor is there explanation of the argument that one must serve a particular school district to be a public school officer. *Maddox* v. *State*, 220 Ark. 762, 249 S.W.2d 972 (1952), is cited, but there it was held only that a school teacher and a superintendent were not "public officers" but were, instead, school employees. No reference was made to the constitutional provision.

■ We need only look to the statutes creating county boards of education to see that the general assembly contemplated that they be public school officers. Ark. Code Ann. § 6-12-108(a) (1987) provides:

6-12-108. Schools under board supervision — Superintendent.

(a) The public schools of each of the several counties of the state, except those schools in districts which employ a superintendent of schools, shall be under the general direction and supervision of the county board of education insofar as is provided in this chapter.

Arkansas Code Ann. § 6-12-109 (1987) provides:

6-12-109. Powers and duties.

(a) It shall be the duty of the county board of education to supervise and direct all its employees in the performance of their duties and, in addition thereto, the board shall have all powers, duties, and responsibilities respecting the public schools of the several counties which are set forth in subsection (b).

(b) Specifically, these duties, among others, shall include the following:

(1) To apportion all school funds as provided by law and in conformity to the regulations of the State Board of Education;

(2) To form local school districts, change boundary lines of school districts, dissolve school districts and annex the territory of such districts to another district, create new school districts, and perform all other functions regarding changes in school districts, in accordance with the law;

(3) To transfer funds and attach territory which is in no school district to other districts as may seem best for the educational welfare of the county;

(4) To cause to be set aside from funds in the county general school fund amounts necessary for the expenses of the board and of the county school supervisor's office;

(5) To administer the compulsory school attendance laws in the county;

(6) To approve budgets of school districts coming under the provisions of this chapter;

(7) To appoint all school directors in all school districts where the authority to do so has heretofore been conferred on any county judge of any county.

■■ While we recognize the rule that we presume statutes not to be unconstitutional, *HCA Medical Services of Midwest, Inc.* v. *Rodgers*, 292 Ark. 359, 730 S.W.2d 229 (1987), and that the longevity of a statute is persuasive of its constitutionality, *South Central District of the Pentecostal Church of God of America, Inc.* v. *Bruch-Rogers Co.*, 269 Ark. 130, 599 S.W.2d 702 (1980), we cannot ignore the words of the Constitution and the legislative scheme giving the county board of education responsibilities for public schools. The fact that board members are county public school officers makes them no less "officers of the public schools." Therefore, we conclude Ark. Code Ann. § 6-12-101(b) (1987) is unconstitutional to the extent it precludes county board of education members from holding elected executive or judicial office because it is in conflict with art. 19, § 26 of the Constitution.

Reversed and remanded.

HICKMAN, J., dissents.