The Honorable Henry Wilkins, III State Representative 303 North Maple Street Pine Bluff, AR 71601
Dear Representative Wilkins:
This is in response to your request for an opinion on the following question:
 If a school board member runs for county tax assessor and is elected as county tax assessor, is it lawful for that person to serve as both a school board member and the county tax assessor? If it is unlawful for him to serve as both a school board member and tax assessor, are his actions as school board member and tax assessor valid? If he cannot serve simultaneously as a school board member and tax assessor, what steps may be taken by the citizens to solve the problem?
It is my opinion that a school board member's simultaneous service as county tax assessor is lawful pursuant to Article 19, Section26 of the Constitution of Arkansas. This constitutional provision states:
 Militia officers, OFFICERS OF THE PUBLIC SCHOOLS and notaries may be elected to fill any executive or judicial office. (Emphasis added.)
The term "officers of the public schools" under Article 19, 26 encompasses school board members. This conclusion is compelled by the Arkansas Supreme Court's ruling in Craighead County Bd. of Educ. v. Henry, 295 Ark. 242, 295 S.W.2d 242 (1988). That case involved a claim that a county school superintendent's dismissal was unlawful because a member of the board had forfeited his membership at the time the dismissal vote was taken, by virtue of his acceptance of the office of mayor of Monette, Arkansas. The trial court agreed that the board member in question was not a lawful member because A.C.A. 6-12-101(b) states that a county board of education member shall be one who does "not hold any salaried . . . office of the state or any political subdivision thereof." 295 Ark. at 243.
The Supreme Court reversed, ruling unconstitutional 6-12-101(b). Central to the court's ruling was its conclusion that the county board of education member was a "public school officer" Under Article 19, 26. The court cites to the statutes creating county boards of education in support of the proposition that "the general assembly contemplated that they be public school officers." 295 Ark. at 244. The court stated:
 (W)e cannot ignore the words of the Constitution and the legislative scheme giving the county board of education responsibilities for public schools. The fact that board members are county public school officers makes them no less "officers of the public schools"
Id. 245.
The court's reasoning in Craighead County Bd. of Educ. v. Henry, supra, would similarly apply to local school board members. The powers and duties of a district board of directors in connection with the conduct of schools in the district are extensive. See A.C.A. 6-13-620.
Since a school board member is a public school officer and the office of assessor is an executive office (see A.C.A.14-14-703(a)(2)), one's simultaneous service in both positions is sanctioned under Article 19, Section 26 of the Constitution of Arkansas. Therefore, the answer to the first part of your question is "yes."
A response to your remaining questions is unnecessary, in light of this conclusion.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.