The Honorable Bobby Tullis State Representative Box 277 Mineral Springs, AR 71851
Dear Representative Tullis:
This is in response to your request for an opinion on the following question:
 Can a school board member be a candidate for county judge and, if elected, can the person continue serving as both a school board member and county judge?
It is my opinion that a school board member's candidacy for county judge and, if elected, his service as county judge is lawful pursuant to Article 19, Section 26 of the Constitution of Arkansas. This constitutional provision states:
 Militia officers, officers of the public schools
and notaries may be elected to fill any executive or judicial office. [Emphasis added.]
The term "officers of the public schools" under Article 19, § 26 encompasses school board members. This conclusion is compelled by the Arkansas Supreme Court's ruling in Craighead County Bd. ofEduc. v. Henry, 295 Ark. 242, 295 S.W.2d 242 (1988). That case involved a claim that a county school superintendent's dismissal was unlawful because a member of the board had forfeited his membership at the time the dismissal vote was taken, by virtue of his acceptance of the office of mayor of Monette, Arkansas. The trial court agreed that the board member in question was not a lawful member because A.C.A. § 6-12-101(b) states that a county board of education member shall be one who does "not hold any salaried . . . office of the state or any political subdivision thereof." 295 Ark. at 243.
The Supreme Court reversed, ruling unconstitutional §6-12-101(b). Central to the court's ruling was its conclusion that the county board of education member was a "public school officer" under Article 19, § 26. The court cited to the statutes creating county boards of education in support of the proposition that "the general assembly contemplated that they be public school officers." 295 Ark. at 244. The court stated:
 [W]e cannot ignore the words of the Constitution and the legislative scheme giving the county board of education responsibilities for public schools. The fact that board members are county public school officers makes them no less `officers of the public schools.'
Id. at 245.
The court's reasoning in Craighead County Bd. of Educ. v.Henry, supra, would similarly apply to local school board members. The powers and duties of a district board of directors in connection with the conduct of schools in the district are extensive. See A.C.A. § 6-13-620 (Cum. Supp. 1991).
The county judge is the chief executive officer of the county.See A.C.A. §§ 14-14-703 and 14-14-1105. It may therefore reasonably be concluded that the office of county judge is an executive office for purposes of Article 19, § 26. The judicial duties of the county judge may also bring that office within the "judicial office" provision of Article 19, § 26. See A.C.A. §§14-14-1001—1003 and 14-14-1105. Regardless of the designation of the office as "executive" or "judicial," it seems clear that the office of county judge falls within this constitutional authorization. One's simultaneous service as school board member and county judge is therefore sanctioned under the Arkansas Constitution.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh