The Honorable Bob Watts State Representative Route 1, Box 125 Harrison, Arkansas 72601-9716
Dear Representative Watts:
This opinion is being issued in response to your recent question regarding concurrent service as a school board member and as an elected county official. With regard to that issue, you have presented the following questions:
 (1) Is it legal for an individual to serve concurrently as a local school board member and also as an elected county official?
 (2) If it is not legal to serve in both capacities, and the individual is currently serving as a local school board member, at what point in time in the county election process must the person resign as a school board member?
RESPONSE
Question 1 — Is it legal for an individual to serve concurrently as alocal school board member and also as an elected county official?
It is my opinion that the answer to this question will depend upon the particular elective office in which the individual is serving.[1] If the office is either judicial or executive in nature, service in that office while serving as a member of the local school board is expressly permitted by Article 19, § 26 of the Arkansas Constitution, which states: "Militia officers, officers of the public schools and notaries may be elected to fill any executive or judicial office." (The Arkansas Supreme Court has held that school board members are "officers of the public schools" within the meaning of this constitutional provision. SeeCraighead County Bd. of Educ. v. Henry, 295 Ark. 242, 748 S.W.2d 132
(1988)).
If the elective county office in which the individual is serving is legislative in nature, the answer is not as clear. Concurrent service in that office and in the position of school board member may (depending upon the office) be expressly permitted by the constitution or by statute, or it may (or may not) be prohibited by one of the theories of law that have developed in relation to the issue of dual office-holding. Because I do not know what the office in question is, I am unable to conduct an analysis of the permissibility of the concurrent service under any of those legal theories. However, a review of the parameters of those theories may assist you in assessing the situation.
The Arkansas Supreme Court has indicated that there are three possible types of legal prohibitions to the concurrent holding of two offices: Constitutional prohibitions, statutory prohibitions, and common law prohibitions. Byrd v. State, 240 Ark. 743, 402 S.W.2d 121 (1966). The common law prohibition against the concurrent holding of two offices is the doctrine of incompatibility. Under this doctrine, it is impermissible for any person to hold two offices that are "incompatible." The Arkansas Supreme Court has stated that two offices are "incompatible" if "there is a conflict of interests." Byrd, 240 Ark. at 745. A conflict of interests exists in situations (among others) "where one office is subordinate to the other." Id. The Court has also described the incompatibility of two offices as situations in which "the discharge of the duties of the one conflict[s] with the duties of the other, to the detriment of the public good," State ex rel Murphy v. Townsend, 72 Ark. 180 (1904), and as situations in which "one [office] is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other." Tappan v. HelenaFed. Savings Loan Assn., 193 Ark. 1023, 103 S.W.2d 458 (1937).
In order to determine whether the concurrent service about which you have inquired is permissible, it will be necessary first to determine whether such service is addressed by the Arkansas Constitution or by any Arkansas statute. It will then be necessary to determine whether the office in question is "incompatible" with the position of school board member, under the guidelines discussed above.
Question 2 — If it is not legal to serve in both capacities, and theindividual is currently serving as a local school board member, at whatpoint in time in the county election process must the person resign as aschool board member?
It is my opinion that even if it is determined that the concurrent service in question is not permissible, the individual in question, unless declared through legal process to be ineligible to serve,[2]
will nevertheless be required to serve in the school board position until a successor is elected. See Ark. Const., art. 19, § 5 (All officers are to continue in office until successors are elected and qualified.) The Arkansas Supreme Court has specifically held that the tenure of a school board member expires only when a successor is elected. See Click v.Sample, 73 Ark. 194, 197 (1904). See also Ops. Att'y Gen. No. 89-382.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
[1] This office has previously addressed specific questions regarding concurrent service in the position of school board member and in some other position. The outcomes of those opinions have varied, depending on the particular positions at issue. For example, we have opined that local school board members may serve concurrently as justices of the peace (Ops. Att'y Gen. No. 92-003), as county tax assessors (Ops. Att'y Gen. No. 89-042), and as city council members (Ops. Att'y Gen. No. 89-201), but that they may not serve concurrently as chairman of the county democratic central committee (Ops. Att'y Gen. No. 88-77), as members of the county board of education (Ops. Att'y Gen. No. 87-178), or as state senators or representatives (Ops. Att'y Gen. No. 87-128), nor may they be employed concurrently by educational cooperatives (Ops. Att'y Gen. No.94-253).
[2] The Arkansas Supreme Court has held that the appropriate process for obtaining such a declaration is an action for mandamus. See Cummingsv. Washington County Election Comm'n, 291 Ark. 354, 724 S.W.2d 486
(1987).