Major General Melvin C. Thrash Office of the Adjutant General Military Department of Arkansas Camp Robinson North Little Rock, Arkansas 72118-2200
Dear Major General Thrash:
This letter is in response to your request for an opinion regarding whether officers of the Arkansas National Guard, not on active duty, may be elected to the office of Prosecuting Attorney or appointed as a Deputy Prosecuting Attorney. Specifically, you ask for an opinion regarding the following question:
 Is a National Guard Officer prohibited from holding both a commission in the Arkansas National Guard and the office of Prosecuting Attorney or Deputy Prosecuting Attorney?
In my opinion, a commissioned officer in the Arkansas National Guard may be elected to the office of prosecuting attorney, and the person may simultaneously serve as both an officer in the national guard and as prosecuting attorney. It is, however, my opinion that dual service as an officer in the Arkansas National Guard and as a deputy prosecuting attorney in all likelihood contravenes the Arkansas Constitution. Nevertheless, the Uniformed Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. § 4301-33, in all probability supersedes Arkansas law and precludes the prohibition.
This office has recognized that there are three categories of prohibitions to the concurrent holding of two offices: constitutional prohibitions, statutory prohibitions, and common law prohibitions. See
Op. Att'y Gen. Nos. 96-035 and 94-220; see also Byrd v. State,240 Ark. 743, 402 S.W.2d 121 (1966). In addition, it is generally necessary to initially determine whether each position being held (deputy prosecuting attorney, prosecuting attorney, and officer in the national guard) is an "office." This opinion will first discuss the simultaneous holding of the positions of prosecuting attorney and officer in the national guard, and then I will address the simultaneous holding of the positions of deputy prosecuting attorney and officer in the national guard.
A. Prosecuting Attorney
With regard to an officer in the national guard being elected to the position of prosecuting attorney, Arkansas Constitution article 19, § 26, specifically provides: "Militia officers, officers of the public schools and notaries may be elected to fill any executive or judicial office." (Emphasis supplied.) Arkansas Constitution article 11, § 1, provides in part that "[t]he militia shall consist of all able-bodied male persons, residents of the State, between the ages of eighteen and forty-five years, . . . and shall be organized, officered, armed and equipped and trained in such manner as may be provided by law." Further, A.C.A. §12-61-101(a) (Repl. 1995) provides:
 The militia shall be divided into two parts: the organized, consisting of the active and inactive Army National Guard and Air National Guard; and the unorganized, consisting of all those persons of the militia not in the active or inactive Army National Guard or Air National Guard.
Thus, it is my opinion that an officer in the Arkansas National Guard is a "militia officer" as contemplated in Ark. Const. art. 19, § 26. Seealso Jones v. Clark, Attorney General, 278 Ark. 119, 644 S.W.2d 257
(1983).
In addition, the Arkansas Supreme Court has stated that the office of the prosecuting attorney is a constitutional office which operates in a quasi-judicial capacity. Venhaus v. Brown, 286 Ark. 229, 691 S.W.2d 141
(1985). The Constitution places the office of prosecuting attorney in the judicial department. Ark. Const. art. 7, § 24; Martindale v. Honey,259 Ark. 416, 533 S.W.2d 198 (1976). Finally, the court has specifically stated that the prosecuting attorney is an officer of the State.Martindale, supra.
Consequently, it is my opinion that an officer in the Arkansas National Guard may be elected to serve as prosecuting attorney. Further, based upon Craighead County Bd. of Educ. v. Henry, 295 Ark. 242, 748 S.W.2d 132
(1988), it is also my opinion that an officer in the national guard may simultaneously serve as an elected prosecuting attorney. See also Op. Att'y Gen. Nos. 89-042, 92-098, and 96-035. In Craighead, the Arkansas Supreme Court held that a statute was unconstitutional to the extent that it precluded county board of education members from holding elected executive or judicial office because it conflicted with Ark. Const. art. 19, § 26.[1] (Emphasis supplied.) In Opinion No. 89-042, this office opined that a school board member's simultaneous service as county tax assessor is lawful pursuant to article 19, section 26 of the Constitution of Arkansas.
In reaching my conclusion, I have considered Ark. Const. art. 19, § 6, which provides: "No person shall hold or perform the duties of more than one office in the same department of the government at the same time, except as expressly directed or permitted by this Constitution." In addition, I have considered Ark. Const. art. 4, § 2, which provides: "No person, or collection of persons, being one of these departments, shall exercise any power belonging to either of the others, except in the instances hereinafter expressly directed or permitted." First, it is my opinion that art. 19, § 26, expressly permits the election of militia officers to fill any executive or judicial office. Second, based uponCraighead, supra, and Opinion No. 89-042, both offices may be held simultaneously. Finally, I find that the common law prohibition (known as the doctrine of incompatibility) is not applicable. This opinion is based upon the fact that that neither "office" is subordinate to the other in that one does not have supervisory power over the other. See Op. Att'y Gen. No. 93-302.
B. Deputy Prosecuting Attorney
1. State Law
As to the second part of your question, it is my opinion that the Arkansas Constitution prohibits an officer in the Arkansas National Guard from being appointed as deputy prosecuting attorney. Initially, I find that Ark. Const. art. 19, § 26, is not applicable because a deputy prosecuting attorney is appointed rather than elected. This office has previously opined that article 19, § 26, cannot be relied upon where the person is appointed to the executive or judicial office rather than elected. Op. Att'y Gen. No. 91-182. We stated that the requirement of an express exception to article 4, § 2, and article 19, § 6, prevents reliance upon article 19, § 26, where the person is appointed to the executive or judicial office.
Because article 19, § 26 is not applicable, it is necessary to initially determine whether the positions of deputy prosecuting attorney and officer in the national guard are in fact "offices" for purposes of the dual office-holding and separation of powers doctrines. As previously discussed, the Arkansas Supreme Court has specifically stated that the prosecuting attorney is an officer of the State, and the office is placed in the judicial department. Martindale, supra. The court has also concluded that the characteristics of the office of deputy prosecuting attorney "indicate a public office as contrasted with a mere public employment, even though every public office may be an employment." Id.;see also Op. Att'y Gen. No. 93-302.
Under the Arkansas Constitution, an organized militia is provided for and is distinctly recognized as a part of the executive branch of the State government. State v. Moore, 76 Ark. 197, 88 S.W. 881 (1905); see alsoBelote v. Coffman, 117 Ark. 352, 175 S.W. 37 (1915). The militia is an arm of the executive department of the State government used in the enforcement of the law and the preservation of the public peace. Moore,supra. Although the Arkansas Supreme Court has never addressed whether an officer in the national guard holds an "office," the court has commented that an "office" for purposes of dual-office holding is indicated by the following characteristics: (1) the holder of the position exercises some part of the State's sovereign power; (2) the tenure, compensation, and duties are usually fixed by law; (3) the holder of the position takes an oath of office; (4) the holder of the position receives a formal commission; and (5) the holder of the position gives a bond. SeeMartindale, supra; Maddox v. State, 220 Ark. 762, 249 S.W.2d 972 (1952); Op. Att'y Gen. Nos. 95-210 and 92-050. The court, however, has commented that no single factor is ever conclusive, and mere public employment differs from a public office in that some or all of these characteristics are lacking. Maddox, supra.
Although this is ultimately a question of fact which cannot be conclusively answered in the context of an Attorney General opinion, it is my opinion that the Arkansas Supreme Court would in all likelihood conclude that a person who is an officer in the Arkansas National Guard holds an "office." First, your question specifically refers to a commissioned officer; therefore, the characteristic that the holder of the position receives a formal commission is present. See also A.C.A. §12-60-102 (Repl. 1995). Second, a person may not be recognized as a commissioned officer in the national guard until he has taken and subscribed an oath of office; therefore, the characteristic that the holder of the position takes an oath of office is present. See A.C.A. §12-62-102 (Repl. 1995). Third, an officer in the national guard is a part of the executive department of the State government used in the enforcement of the law and the preservation of the public peace. Moore,supra; see also Ark. Const. art. 11, § 4. This office has previously recognized that even municipal police officers, as part of the executive department of government whose duty it is to enforce the law, are public officers that exercise part of the sovereign power of the state. Op. Att'y Gen. No. 91-314. Consequently, the characteristic that the holder of the position exercises some part of the State's sovereign power is present. Finally, the compensation and duties of an officer in the national guard are fixed by law rather than by contract. See generally
A.C.A. § 12-62-301 (Repl. 1995).
Although an officer in the national guard is not required by statute to give a bond, the characteristics that are present, considered collectively, indicate a public office as contrasted with a mere public employment. See Martindale, supra. In my opinion, the language of Ark. Const. art. 19, § 26, also supports this conclusion. Section 26 contemplates that a militia officer holds an office; otherwise, there would not be a need to expressly provide that a militia officer may be elected to any executive or judicial office. Further, the Arkansas Supreme Court, in interpreting the Arkansas Constitution of 1836, has commented that militia officers are Executive officers whom the constitution has assigned to the Executive department. State v. Hutt,2 Ark. 282 (1840). Finally, I find an officer in the national guard is in fact an officer of the state because the office is provided for in the constitution. See Murphy, supra.
Having concluded that the positions of both deputy prosecuting attorney and officer in the national guard are considered "offices," it must be determined if there are any prohibitions to the dual holding of the offices. Arkansas Constitution art. 4, § 1, provides:
 The powers of the government of the State of Arkansas shall be divided into three distinct departments, each of them to be confided to a separate body of magistracy, to wit: Those which are legislative to one, those which are executive to another, and those which are judicial to another.
Arkansas Constitution art. 4, § 2, provides: "No person, or collection of persons, being one of these departments, shall exercise any power belonging to either of the others, except in the instances hereinafter expressly directed or permitted." In addition, Ark. Const. art. 19, § 6, provides: "No person shall hold or perform the duties of more than one office in the same department of the government at the same time, except as expressly directed or permitted by this Constitution." With regard to these provisions, the Arkansas Supreme Court has stated:
 The object of these several provisions is to emphasize the fact that the officers and offices of the state are divided into three great classes, the legislative, the executive, and the judicial. And the further fact that a person cannot at the same time exercise the duties of more than one office in either of these departments; neither can he exercise the duties of an office in one of these departments, and at the same time those of an office in either one of the other two departments. It follows that, in so far as regards the offices contemplated in these provisions of the constitution, there is a perfect and absolute inhibition against holding two offices at one and the same time, with the exception named in section 26, article 19.
State ex. rel. Murphy v. Townsend, 72 Ark. 180, 79 S.W. 782 (1904). In addition, this office has recognized that the decision in Murphy suggest that the separation of powers doctrine applies only to state officers and offices. See Op. Att'y Gen. No. 93-32.
In my opinion, a deputy prosecuting attorney holds a state office in the judicial branch and a commissioned officer in the national guard holds a state office in the executive branch. Consequently, the simultaneous holding of the two offices would in all likelihood contravene article 4, § 2, of the Constitution of Arkansas.
2. Federal Law
I find, however, that the prohibition against an officer in the national guard from being appointed as deputy prosecuting attorney is susceptible to a challenge under the Uniformed Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. § 4301-33. Section 4311 of the USERRA provides in part:
 (a) A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.
 (b) An employer shall be considered to have denied a person initial employment, reemployment, retention in employment, promotion, or a benefit of employment in violation of this section if the person's membership, application for membership, service, application for service, or obligation for service in the uniformed services is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such membership, application for membership, performance of service, application for service, or obligation.
Thus, the USERRA specifically provides that a member of the uniformed services shall not be denied employment on the basis of that membership.
Initially, it must be noted that the term "uniformed services" includes the Army National Guard. 38 U.S.C. § 4303(16). In addition, the United States Supreme Court has commented that a predecessor of this federal law was applicable to the Alabama National Guard, even though the militia is under state control except under certain constitutionally defined circumstances, because Congress is authorized generally to provide for organizing, arming, and disciplining the Guard. King v. St. Vincent'sHospital, 502 U.S. 215, 217 n. 2 (1991); see also U.S. Const., Art. I, § 8, cl. 15-16; Monroe v. Standard Oil Co., 452 U.S. 549 (1981) (the court commented that National Guardsmen were entitled to the protection of 38 U.S.C. § 2021
(predecessor of USERRA)).
In addition, Congress has the power under the Supremacy Clause of ArticleVI of the United States Constitution to pre-empt state law. NorthwestCent. Pipeline v. Kan. Corp. Comm'n, 489 U.S. 493 (1989). Section 4302(b) of the USERRA provides:
 This chapter supersedes any State law (including any local law or ordinance), contract, agreement, policy, plan, practice, or other matter that reduces, limits, or eliminates in any manner any right or benefit provided by this chapter, including the establishment of addition prerequisites to the exercise of any such right or the receipt of any such benefit.
Article VI of the Constitution provides in part that the laws of the United States "shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any state to the contrary notwithstanding." Thus, for supremacy clause purposes, it makes no difference that the prohibition in the instant case is found in the Arkansas constitution rather than in a state statute.See Gregory v. Ashcroft, 898 F.2d 598 (8th. Cir. 1990), aff'd501 U.S. 452 (1991). Further, congressional intent to supplant state authority in a particular field may be express. Ciba-Geigy Corp. v. Alter,309 Ark. 426, 834 S.W.2d 136 (1992). In my opinion, Congress has expressed its clear intent to pre-empt any state law that limits the employment rights of a member of the national guard. Also, an intent to pre-empt may be inferred because the prohibition found in the Arkansas Constitution conflicts with the federal law and it is impossible to comply with both.See Northwest Cent. Pipeline v. Kan. Corp. Comm'n, 489 U.S. 493 (1989).
Ultimately, the question of whether prohibiting an officer in the Arkansas National Guard from being appointed to the office of deputy prosecuting attorney violates the USERRA is a fact question. Section 4303(3) of the USERRA provides that "[t]he term `employee' means any person employed by an employer." If the definition of employee contained in the USERRA extends to the appointment of a deputy prosecuting attorney, the prohibition found in the Arkansas Constitution would be in violation of the federal law. Although this precise question has not been addressed, the Arkansas Supreme Court has commented that "every public office may be an employment." Martindale v. Honey, supra. Further, the act has been applied to a person employed as an assistant district attorney, Jordan v. Jones, 84 F.3d 729 (5th Cir. 1996), and a person employed as a municipal police officer, Paisley v. City of Minneapolis,79 F.3d 722 (8th Cir. 1996).[2]
C. Summary
Arkansas Constitution article 19, § 26 expressly provides that militia officers may be elected to fill any executive or judicial office. Consequently, it is my opinion that a commissioned officer in the Arkansas National Guard may be elected to the office of prosecuting attorney. Further, based upon Craighead, supra, it is also my opinion that an officer in the national guard may simultaneously serve as a prosecuting attorney. It is, however, my opinion that Ark. Const. art. 19, § 26, is not applicable to the appointment of a deputy prosecuting attorney; therefore, the simultaneous holding of the two offices (deputy prosecuting attorney and commissioned officer in the national guard) would in all likelihood be prohibited under article 4, § 2, of the Constitution of Arkansas. Nevertheless, such a prohibition is susceptible to a challenge under the Uniformed Services Employment and Reemployment Rights Act.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] The court concluded that county board of education members were "officers of the public schools" pursuant to Ark. Const. art. 19, § 6.
[2] The Arkansas Supreme Court has recognized that there are distinctions between an assistant prosecuting attorney and a deputy prosecuting attorney, Martindale, supra; however, this office has opined that municipal police officers are public officers, Op. Att'y Gen. No.91-314.