The Honorable Allen Gordon State Senator P.O. Box 558 Morrilton, Arkansas 72110
Dear Senator Gordon:
This is in response to your request for an opinion on whether an elected constable can be appointed to serve out an unexpired term on the County Board of Education. You note that neither position is salaried.
It is my opinion, although the question is not entirely clear, that there is in all likelihood no constitutional, statutory, or common law prohibition against the conduct you describe.
Vacancies on a county board of education are filled by the remaining members of the board, or in certain circumstances, by the county judge. A.C.A. § 6-12-101(g) (Repl. 1993). Appointed members are to have the same qualifications as elected members. A.C.A. § 6-12-101(g). The qualifications required of county board members are as follows: "The members of county boards of education shall be qualified electors known for their good moral character, honesty, industry, public spirit, and interest in education, and who do not hold any salaried or fee office of the state or any political subdivision thereof." A.C.A. § 6-12-101(b).
An initial question arises as to whether a constable holds a "salaried or fee office of the state or any political subdivision. . . ."
It should be noted, however, before this language is analyzed, that this portion of A.C.A. § 6-12-101 has been held unconstitutional to the extent it prevents a sitting member of the county board of education from accepting another office. See Craighead County Board of Education v.Henry, 295 Ark. 242, 748 S.W.2d 132 (1988). This holding was required by Arkansas Constitution, art. 19 § 26 which provides that: "[m]ilitia officers, officers of the public schools and notaries may be elected to fill any executive or judicial office." The court in Craighead County v.Henry held that a member of a county board of education was an "[officer] of the public schools" and was thus not ineligible to be on the board after his election as mayor of a city.
Your question posits the converse situation. It does not involve the eligibility of a sitting member of the board to remain after taking another office, but focuses instead on an otherwise elected officer's eligibility to fill out a term on the county board of education. Article 19, § 26 does not appear to address this situation, where the public school office is the second office accepted. Clearly, under art. 19, § 26 and the decision in Craighead County v. Henry, a county board of education member could retain his position after election to the office of constable. But it does not squarely address a constable's eligibility to be appointed to the county board.
In such case it remains necessary to analyze the provisions of A.C.A. §6-12-101 in order to determine whether this statutory prohibition prevents the action you suggest. It is then necessary to discuss whether any other possible constitutional, statutory, or common law prohibition exists to prevent the service in question.
You have stated that the particular constable at issue does not receive any salary. He thus does not hold a "salaried . . . office" for purposes of A.C.A. § 6-12-101(b). Does he hold a "fee office" for purposes of the statute?" At one time, constables clearly did hold "fee offices." They were entitled to fees for certain services and were allowed to retain them as compensation. See, e.g., Acts 1875 No. 77, as amended by Acts 1875 No. 58 (Adj. Sess.); Acts 1885 No. 97; Acts 1885 No. 98; Acts 1899 No. 190; Acts 1903 No. 32; Acts 1947 No. 221; Acts 1961 No. 472; and Acts 1971 No. 233. This changed in 1973 with the adoption ofAct 141 of 1973, which contained a provision (now codified at A.C.A. § 21-6-308(a) and (b)), which requires the quorum court to set the salaries of constables and that requires all fees collected by constables to be deposited in the county treasury.[1] Thus, constables are entitled to collect fees for performing various duties, but under current law, all such fees are deposited in the county treasury, and do not form any part of the remuneration of a constable. It appears that under current law, at least, the reference to a "fee office" in A.C.A. § 6-12-101(b) would not encompass a constable. I have found no helpful Arkansas caselaw or any caselaw from other states, however, defining the term "fee office" or shedding light on which offices it includes. But cf. Board ofCommissioners of Park County v. Bullock, 122 Colo. 218, 220 P.2d 877
(1950) (holding that offices of county judge and clerk of the county court are not "fee offices" except when the county judge elects to perform duties of the clerk for which he is allowed compensation and fees therefor).
In my opinion, therefore, the constable at issue is not prohibited by A.C.A. § 6-12-101 from accepting an appointment on the county board of education. I have found no other statute which would prohibit this action.
Similarly, in my opinion, no constitutional prohibition exists preventing the appointment. The constitutional provision relating to constables does not proscribe dual officeholding (see Arkansas Constitution, art. 7, §47), and in my opinion neither the "separation of powers doctrine" nor art. 19, § 6 of the constitution applies in this instance. See A.C.A. §14-14-502(b) (regarding county separation of powers) and Peterson v.Culpepper, 72 Ark. 230, 79 S.W. 783 (1906) (holding that art. 19 § 6, which prohibits the holding of more than one office in "the same department of the government," does not prohibit the holding of a state office and a municipal office simultaneously). But cf. Marshall v.Holland, 168 Ark. 449, 270 S.W. 609 (1925) (holding that art. 19, § 6 does prohibit a county treasurer from also holding office of county tax collector).[2]
Neither, in my opinion, does the common law doctrine of incompatibility prohibit the appointment. I recently opined that a constable could be appointed to fill out a vacant seat on a city council without violating this doctrine. See Op. Att'y Gen. 95-281. It does not appear that the type of inherent conflicts of interest to which the incompatibility doctrine attaches would be present with respect to the positions of constable and county education board member.
It is my opinion, therefore, although the issue is not entirely clear, that the answer to your question is "yes."
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] This act, passed in the 1973 regular session, coincided with the resolution proposing the constitutional amendment which became Amendment 55, which provides for the setting of salaries of county officers by the quorum court within state minimums and maximums, and which prohibits fees as a basis for compensation for those officers.
[2] Although the Arkansas Supreme Court has held a constable to be a "county officer" at least for purposes of workers' compensation law, rather than a "township officer" as had been historically thought (seeFarnsworth v. White County, 39 Ark. App. 98, 839 S.W.2d 229 (1992),aff'd. 312 Ark. 574, 851 S.W.2d 451 (1993), and see Contra, but cf.Hutcheson v. Pitts, 170 Ark. 248, 278 S.W. 639 (1926), and although a constable has been held an "executive officer" (see State v. Hutt,2 Ark. 282 (1840)), in my opinion he is not "in the same department of government" as a county board of education member for purposes of art. 19, § 6. See A.C.A. § 14-14-502(b), Arkansas Constitution art. 7, §§ 46
and 47, and Marshall v. Holland, supra. Neither county board of education members nor constables are included in the executive officers of county government listed in art. 7, § 46, or A.C.A. § 14-14-502.