The Honorable Bill Abernathy State Representative 1309 Texas Street Mena, AR 71953-7818
Dear Representative Abernathy:
I am writing in response to your request for my opinion on the following question:
Can a county treasurer serve in that office and also serve on the school board in the same county?
RESPONSE
In my opinion, the answer to your question is "yes."
Although the timing of the dual office holding you describe is not entirely clear, you appear to be asking whether an already elected county treasurer might subsequently and simultaneously serve on the school board. This proposed sequence of office-holding may have implications relating to the applicability of Ark. Const. art. 19, § 26, which provides:
Militia officers, and officers of the public schools, and Notaries may be elected to fill any executive or judicial office.
This office has opined on various occasions that a school board member is clearly an "officer of the public schools" as that term is used in Article 19, § 26. See, e.g., Ark. Ops. Att'y Gen. Nos. 96-035; 92-098 (both citing Craighead County Board of Education v. Henry, 295 Ark. 242,748 S.W.2d 132 (1988)). Under the express terms of Article 19, § 26, it thus is apparent that a sitting member of a school board may run for and simultaneously serve as county treasurer. See, e.g., Ark. Op. Att'y Gen. No. 92-098 (opining that a school board member could be elected and simultaneously serve as county judge pursuant to Article 19, § 26); compare Ark. Const art. 5, § 7 (declaring various officers ineligible to serve in the General Assembly, but expressly exempting from this bar "militia officers, justices of the peace, postmasters, officers of public schools and notaries").
However, the converse is apparently not the case: Article 19, § 26 does not declare as a matter of constitutional law that an elected executive officer may serve subsequently and simultaneously as an "officer of the public schools." In Ark. Op. Att'y Gen. No. 98-086, which addressed whether an elected constable could be appointed to serve an unexpired term on the county board of education, one of my predecessors addressed as follows the possible application of Article 19, § 26 when an elected county official proposes additionally to serve as an "officer of the public schools":
The court in Craighead County v. Henry held that a member of a county board of education was an "[officer] of the public schools" and was thus not ineligible to be on the board after his election as mayor of a city.
Your question posits the converse situation. It does not involve the eligibility of a sitting member of the board to remain after taking another office, but focuses instead on an otherwise elected officer's eligibility to fill out a term on the county board of education. Article 19, § 26 does not appear to address this situation, where the public school office is the second office accepted. Clearly, under art. 19, § 26 and the decision in Craighead County v. Henry, a county board of education member could retain his position after election to the office of constable. But it does not squarely address a constable's eligibility to be appointed to the county board.
This office has previously opined that the reasoning underlying the court's conclusions in Henry applies equally to school board members. See, e.g., Opinion No. 92-098.
Having concluded, then, that Article 19, § 26 neither authorizes nor precludes the dual service contemplated in your request, I must consider whether any other constitutional, statutory or common-law proscription might apply. Byrd v. State, 240 Ark. 743, 402 S.W.2d 121 (1966). My review has disclosed no constitutional or statutory bar to the proposed dual service. The common-law prohibition against the concurrent holding of two offices is known as "the doctrine of incompatibility." Under this doctrine, it is impermissible for any person to hold two offices that are "incompatible." The Arkansas Supreme Court has stated that two offices are "incompatible" if "there is a conflict of interests" in the dual service. Byrd, 240 Ark. at 745. A conflict of interests exists in situations, among others, "where one office is subordinate to the other." Id. The court has also described service in two offices as incompatible when "the discharge of the duties of the one conflict[s] with the duties of the other, to the detriment of the public good," State ex rel Murphy v. Townsend, 72 Ark. 180, 184 (1904), or when "one [office] is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other." Tappan v. Helena Fed. Savings Loan Assn.,193 Ark. 1023, 1025, 103 S.W.2d 458 (1937).
In my opinion, none of these disqualifying circumstances would apply to dual service as a county treasurer and a school board member. School district boards have broad discretion and function with a degree of autonomy that minimizes the potential for interference by elected county officials. See A.C.A. § 6-13-620 (Supp. 2005) (defining the powers of school board directors); Safferstone v. Tucker I, 235 Ark. 70,357 S.W.2d 3 (1962) (generally discussing the breadth of discretion exercised by school board directors). Although a county treasurer may serve as the treasurer of a school district, see A.C.A. §§6-13-620(a)(4)(B)(iii) and-620(a)(8) (Supp. 2005), a county treasurer is a ministerial officer not vested with discretion in the payment and disbursement of funds. Mackey v. McDonald, 255 Ark. 978, 504 S.W.2d 726
(1974). Moreover, the unfettered discretion of a school district board is such that it is authorized to appoint its own treasurer to handle district funds. A.C.A. § 6-13-701 (Supp. 2005). Accordingly, I believe no prohibition exists against the dual service contemplated in your question.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General *Page 1